[Cite as *State v. Fisher*, 2012-Ohio-6144.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO, : 
 :
    Plaintiff-Appellee, : Case No. 11CA3292
 :
    vs. : **RELEASED 12/07/12**
 :
JASON D. FISHER, : DECISION AND JUDGMENT
 : ENTRY
    Defendant-Appellant. :

_____

APPEARANCES:

Stephen K. Sesser, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, Richard W. Clagg, Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant, Jason D. Fisher, appeals his conviction of one count of possession of cocaine by the Ross County Court of Common Pleas. Appellant asserts the trial court erred when it overruled Appellant's motion to dismiss the charge against him on speedy trial grounds. For the reasons which follow, we agree. Accordingly, we reverse the decision of the trial court and discharge the Appellant.

FACTS

{¶2} On October 16, 2009, Appellant was indicted on one count of possession of crack cocaine, in violation of R.C. 2925.11(A).   The trial court docket reflects Appellant was served the indictment on March 26, 2010, and arrested the same day.  He was arraigned on March 29, 2010.  Appellant was held on a $50,000.00 cash or real estate bond, which he never posted.   The trial court established a jury trial date of June 8, 2010.

{¶3} During the pendency of the proceedings, Appellant's initial counsel filed a motion to withdraw.  When Appellant obtained new counsel, a motion for leave to file a motion to suppress was filed.  In addition, Appellant subsequently filed: (1) a request for preservation of specimen of substances for the purposes of independent analysis by a defense expert, and (2) a motion for production of laboratory data for the purposes of independent review.

{¶4} Likewise, the State of Ohio also filed various motions throughout 2010 and 2011.  The State filed a motion to compel.  The State also filed five motions to continue the jury trial date.  Four of the motions to continue were based upon the unavailability of the State's key witnesses.  The fifth motion to continue was based upon the unavailability of the assistant prosecuting attorney.  Eventually, a trial date of June 15, 2011 was established by the trial court.

{¶5} On May 19, 2011, Appellant filed a motion to dismiss for the State's failure to bring him to trial within the statutory speedy trial time limits set forth in R.C. 2945.71.  The trial court vacated the June trial date and set the motion to dismiss for hearing on July 5, 2011.   The motion to dismiss was denied at the hearing.  The court rescheduled trial for September 7 and 8, 2011.

 {¶6} The jury trial commenced on September 7, 2011. On September 8, 2011, the duly empaneled jury found Appellant guilty as charged. Appellant was sentenced on September 29, 2011.  This appeal ensued.

## ASSIGNMENT OF ERROR

I.  THE TRIAL COURT ERRED IN OVERRULING FISHER'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.

## LEGAL ANALYSIS

{¶7} In his sole assignment of error, Appellant asserts that he was entitled to a dismissal of the charge against him, based on failure to try him in accordance within the statutory speedy trial time limit.  Specifically, Appellant argues that his right to speedy trial was violated because the State of Ohio repeatedly filed motions to continue his trial, based on unavailability of witnesses and unavailability of an assistant prosecutor.  Appellant contends that the State's requests were not reasonable or supported by the record.  Appellee has responded that it used due diligence in attempting to secure its witnesses

for trial and that Appellant fails to recognize his own actions in causing initial delays in bringing the case to trial.

## STANDARD OF REVIEW

{¶8} We begin by noting that appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact.  See, e.g., *State v. Horsley*, 4th Dist. No. 10CA3152, 2011-Ohio-1355, 2011 WL 1025113, at ¶9; *State v. Skinner*, 4th Dist. No. 06CA2931, 2007-Ohio-6320, 2007 WL 4200591, at ¶9.  We accord due deference to the trial court's findings of fact if supported by competent credible evidence.  However, we independently review whether the trial court properly applied the law to the facts of the case.  *Id.* See e.g., *State v. Woltz*, 4th Dist. No. 93CA1980, 1994 WL655905.  Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state.  *Skinner, at ¶8; Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d *706; State v. Miller,* 113 Ohio App.3d 606, 608, 681 N.E.2d 90 (1996); *State v. Cloud,* 122 Ohio App.3d 626, 702 N.E.2d 500 (1997).

## STATUTORY RIGHT TO SPEEDY TRIAL

{¶9} Ohio recognizes both a constitutional and statutory right to a speedy trial. *State v. Alexander,* 4th Dist. No. 08CA3221, 2009-Ohio-1401, 2009 WL 795212, at ¶15. See e.g. *State v. King,* 70 Ohio St.3d 158, 1994-

Ohio-412,637 N.E.2d 903, syllabus. R.C. 2945.71 embodies the statutory right and states "a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy (270) days after his arrest." R.C. 2945.71(C)(2). Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution embody the constitutional right to a speedy trial. *Alexander,* at ¶15, citing *State v. Selvage,* 80 Ohio St.3d 465, 466, 1997-Ohio-287, 687 N.E.2d 433. See, also, *Klopfer v. North Carolina,* 386 U.S. 213, 223, 87 S.Ct. 988 (1967) (applying the Sixth Amendment to the states through application of the Fourteenth Amendment).

{¶10} Under R.C. 2945.71(E), each day that a defendant is incarcerated in lieu of bond on the pending charge counts as three days. *State v. Toler,* 4th Dist. No. 09CA3 101, 2009-Ohio-6669*,* 2009 WL 4863350, at ¶17.

{¶11} An accused presents a prima facie case for discharge by demonstrating his case was pending for a time exceeding the statutory limits provided in R.C. 2945.71. *Id.*; *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d (1986). The burden then shifts to the state to produce evidence demonstrating that the accused was not entitled to be brought to trial within the two hundred seventy (270) day period. *State v. Chambers,* 4th Dist. No. 10CA12, 2011-Ohio-1055, 2011 WL 809571, at ¶11, citing *State v. Baker,* 92 Ohio App.3d 516, 525, 636 N.E.2d 363 (1993).

{¶12} R.C. 2945.72 sets forth the circumstances under which the two hundred seventy (270) day period may be extended.  The running of the speedy-trial clock may be temporarily stopped, or tolled, only for reasons listed in R.C. 2945.72, which states in pertinent part:

"[the time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:***(D) Any period of delay occasioned by the neglect or improper act of the accused; (E) any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;***(H)The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion***." R.C. 2945.72 (D), (E), and (H). *State v. King,* 3rd Dist. No. 16-11-07, 2012-Ohio-1281, 2012 WL 1029454, at ¶33.

{¶13} These tolling events "do not unconditionally extend the time limit in which an accused must be brought to trial, but, rather, this limit is 'merely extended by the time necessary in light of the reason for the delay.'" *State v. Arrizola,* 79 Ohio App.3d 72, 75, 606 N.E.2d 1020, (3rd Dist.1992), quoting Committee Comment to H.B. 511. "In reviewing a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits." *State v. Sanchez,* 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶8.

{¶14} When computing any period of time prescribed by an applicable statute, the date of the act or event from which the period begins to run is not included.  *Alexander*, at ¶18, citing *State v. Saffin,* 4th Dist. No. 07CA2967, 2008-Ohio-338, ¶9; R.C.1.14; Crim R.45(A). Time is calculated to run the day

after the date of arrest.  *State v. Miller*, 9th Dist. Nos. 10CA009922,

10CA009915, 2012-Ohio-1263, 2012 WL 1020239, at ¶9, quoting *State v.*

*Brownard,* 9th Dist. No. 06CA009053, 2007-Ohio-4342, 2007 WL 2409752, at

¶12.  Additionally, we do not include the date a motion was filed when

calculating speedy trial time, unless that date also was the date the court entered

an order resolving the motion.  See e.g., *Toler,* at ¶19.  See also *Staffin,* at ¶9,

fn. 1.

{¶15} Before we calculate the speedy trial time, we begin with a

summary of the relevant dates and events:

| | |
|---|---|
| October 16, 2009 | Indictment by Ross County Grand Jury. |
| March 26, 2010 | Indictment served; Appellant arrested. |
| March 29, 2010 | Appellant arraigned. |
| April 1, 2010 | Court's pretrial order; jury trial June 8, 2010. |
| April 2, 2010 | Appellant's initial counsel files motion to withdraw. |
| April 29, 2010 | Appellant's new counsel files notice of appearance. **27 days** have elapsed between the filing of the motion to withdraw and the notice of new counsel. |
| June 4, 2010 | Appellant's counsel files motion for leave to file motion |

| | |
|---|---|
| | to suppress. |
| August 20, 2010 | Suppression hearing date. **77 days** have elapsed between the suppression filing and hearing dates. |
| August 26, 2010 | State files motion to compel. |
| August 30, 2010 | State files 1st motion to continue jury trial date of September 2, 2010, based on unavailability of Mary Cisco. **9 days** have elapsed between resolution of the suppression motion and the State's 1st motion to continue. |
| September 1, 2010 | Court grant's State's motion to continue; new jury trial date set for December 6, 2010. |
| September 9, 2010 | Appellant's request for preservation of specimen of substances for purposes of independent analysis. |
| September 17, 2010 | Court sustains State's motion to compel. |
| October 25, 2010 | Court grants Appellant's request for preservation. |
| December 2, 2010 | State files 2nd motion to continue jury trial date of December 6, 2010 based on unavailability of Jeffrey Turneau. **94 days** have elapsed between the filing of the States 1st and 2nd motions to continue trial. |

| | |
|---|---|
| December 15, 2010 | Court grants State's 2nd motion to continue; trial rescheduled to January 24, 2011. |
| December 21, 2010 | Appellant files motion for production of laboratory data for purposes of independent review; court grants motion. |
| January 20, 2011 | State files 3rd motion to continue trial based on unavailability of Trooper Mikesh. **47 days** have elapsed between the filing of the State's 2nd and 3rd motions to continue trial. |
| January 21, 2011 | Court grants motion to continue; sets new trial date of April 20, 2011. |
| April 1, 2011 | State files 4th motion to continue trial based on the unavailability of Jeffrey Turneau; **71 days** have elapsed between the filing of the 3rd 4th State's motions to continue. |
| April 12, 2011 | Court grants State's motion; sets new trial date of May 19, 2011. |
| May 11, 2011 | State files 5th motion to continue based on unavailability of the assistant prosecuting attorney. **40 days** have elapsed between the filing of the State's 4th and 5th motions to continue. |

| | |
|---|---|
| May 18, 2011 | Court grants motion; sets new trial date of June 15, 2011. |
| May 19, 2011 | Appellant files motion to dismiss based on speedy trial grounds; court sets hearing on motion for July 5, 2011. **8 days** elapse between the 5th motion to continue and Appellant's motion to dismiss. |
| July 5, 2011 | Court denies Appellant's motion to dismiss in open court; entry denying motion filed July 22, 2011; new trial set for September 7, 2011. **47 days** elapse between the filing of Appellant's motion to dismiss and the court's ruling. |

{¶16} Here, Appellant was arrested on March 26, 2010.  The speedy trial count begins one day later on March 27, 2010. Appellant never posted bond and was held in jail on the single charge.  Pursuant to the triple-count rule of R.C. 2945.71(E), he had to be brought to trial in ninety (90) days, i.e. by June 24, 2010. As previously noted, Appellant was not brought to trial until September 7, 2011, five hundred and thirty (530) days after his arrest. Consequently, Appellant has made a prima facie showing that his speedy trial rights were violated by four hundred and forty (440) days. We turn next to analysis of the reasonableness and necessity of the continuances requested by the State.

{¶17} Pursuant to R.C. 2945.72(H), the time within which an accused must be brought to trial is extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." *State v. Carmon*, 10th Dist. No. 11AP-818, 2012-Ohio-1615, 2012 WL 1247173, at ¶16.

{¶18} It is permissible for a trial court to grant the state a continuance of a trial date beyond the statutory speedy trial time limit if the continuance is reasonable and necessary under the circumstances.  *State v. Baker,*12th Dist. No. CA2005-05-017, 2006-Ohio-2516, 2006 WL 1381698, at ¶33, citing *State v. Saffell,* 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988); *Aurora v. Patrick*, 61 Ohio St.2d 107, 109, 399 N.E.2d 1220 (1980).  In these circumstances, the concept of "reasonable" must be strictly construed against the state.  *State v. Stamps,* 127 Ohio App.3d 219, 224, 712 N.E.2d 762 (1998), fn. 5.  If the continuance is not reasonable, the continuance must be charged against the state for speedy trial purposes. *Id.*, at *225.  "To evidence reasonable, [a continuance] must be supported by an explanation." *Id.* "[A] trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71 and must state the reason for the continuance." *Id*.

The State's First Continuance

{¶19} August 30, 2010 was the State's first motion for continuance.  In its motion, the State advised that Mary Cisco was unavailable for trial.  The

State considered Ms. Cisco an essential witness because she had analyzed the DNA which would prove ownership of the drugs at issue. The reason for unavailability was "due to a pre-planned trip out of town. Further, she has a previously issued subpoena to appear for trial in Butler County." The record reflects that on August 23, 2010, the State issued its subpoenas for necessary witnesses to appear at trial on September 2, 2010. In its journal entry dated September 1, 2010, the trial court found that the motion was well-taken and reasonable as Cisco was a necessary state's witness. The entry further noted that the speedy trial provisions of 2945.71 were tolled pursuant to R.C. 2945.72(H). The trial was continued to December 6, 2010. This was the first continuance sought by the State and was based upon the unavailability of a key witness. Consequently, we consider the trial court's decision to continue this matter to have been reasonable and necessary under the circumstances. As a result of this continuance, the trial date was extended to December 6, 2010. During this time, ninety-eight (98) days would have elapsed, however, the State sought a second continuance on December 2, 2010 and thus, ninety-four (94) days actually elapsed.

The State's Second Continuance

{¶20} The record reflects that subpoenas were issued to the State's necessary witnesses for the December 6th trial date on November 16, 2010. The State's second request to continue trial was made on December 2, 2010.

This motion stated that another essential witness, Jeffrey Turneau, was unavailable to appear at trial on December 6th because of a previously issued subpoena to appear in Licking County.  The motion informed Mr. Turneau was necessary because he analyzed the drugs in question and was a witness for the chain of custody of DNA swabs used.

{¶21} The trial court granted the State's motion, and the entry was journalized on December 15, 2010. The court found the motion was well - taken, the State's witness was "necessary," and the reason for continuance reasonable.   The trial was continued to January 24, 2011.  The trial court also noted that speedy trial provision was tolled pursuant to R.C. 2945.72(H).  We believe the State acted diligently in obtaining attendance of its witnesses for trial.  We also find the trial court properly journalized its decision and that the continuance was reasonable under the circumstances. During this time, fifty-one (51) days would have elapsed. However, the State requested a third continuance on January 20, 2011.  Thus forty-seven (47) days actually elapsed.

The State's Third Continuance

{¶22} The State issued subpoenas for attendance at the third scheduled trial date, January 24, 2011, on December 22, 2010.   The State filed its third motion to continue trial on January 20, 2011.  The reason for this motion was the unavailability of Trooper Teresa Mikesh, a canine handler who performed a search of Appellant's vehicle and acted as the arresting officer.  It was advised

that Trooper Mikesh would be unavailable due to mandatory canine training. On January 21, 2011, the trial court journalized its grant of the motion for continuance, finding that Trooper Mikesh was necessary and the request was reasonable.  The court further noted that the speedy trial provisions of 2945.72(H) were tolled.  The trial was continued to April 20, 2011. Again, we find no impropriety with the journal entry or the reason for continuance. During this time, ninety (90) days would have elapsed. However, on April 1, 2011, the State requested a fourth continuance, and thus, seventy-one (71) days actually elapsed.

The State's Fourth Continuance

{¶23} The State's fourth request for continuance was based upon, again, the unavailability of Jeffrey Turneau. The State's subpoenas for the pertinent witnesses was filed March 16, 2011.  The motion, filed April 1, 2011, stated that Turneau was unavailable due to a previously issued subpoena for his attendance in Knox County and, as previously noted, his necessity as a State's witness to prove chain of custody.  On April 12, 2011, the trial court journalized its entry of continuance again noting that the request was reasonable as Turneau was a necessary state's witness.  The entry also stated speedy trial provisions were tolled pursuant to R.C. 2945.72(H).   The jury trial was continued to May 19, 2011. During this time, forty-eight (48) days would have elapsed.  However, on May 11, 2011, the State requested its fifth and final

continuance so only forty (40) days actually elapsed. We also find this continuance to be necessary and reasonable in light of the circumstances.

The State's Fifth Continuance

{¶24} On May 6, 2011, a subpoena was issued for the necessary state witnesses.  The State then filed a motion to continue trial on May 11, 2011, based on the unavailability of the prosecutor due to a pre-planned vacation, his honeymoon.  Defense counsel was notified of the request for continuance.  The trial court's entry of May 18, 2011, states that for good cause shown, the trial was continued to June 15, 2011, and that the speedy trial provisions were tolled pursuant to R.C. 2945.72.  On May 19, 2011, the State issued its subpoena for the necessary witnesses to appear at the June trial date.

{¶25} Appellant asserts the State's fifth request was not reasonable because the assistant prosecutor had just been assigned the case in April or May and the previous prosecutor had a fuller and more comprehensive knowledge of the case, having been assigned it for the previous year or so.  Thirty-five (35) days would have elapsed between the fifth continuance request and the June 15th trial date. However, on May 19, 2011, Appellant filed his motion to dismiss based on speedy trial grounds. Actually only eight (8) days elapsed.

{¶26} Throughout these proceedings, we perceive no lack of due diligence on the part of the State in securing its witnesses.  We also find that the continuances requested were reasonable and supported by a properly

journalized record. We find the number of tolled days due to the State's requests for continuances totaled two hundred and sixty (260) days. Subtracting two hundred and sixty (260) from the four hundred and forty (440) days of overage, there remains one hundred and eighty (180) days of overage. We turn next to consideration of delays caused by Appellant.

Appellant's Attorney's Motion to Withdraw

{¶27} On April 2, 2010, Appellant's initial counsel filed a leave to withdraw as attorney.  On April 29, 2010, Appellant's current counsel filed a notice of representation. R.C. 2945.72 (C) provides that time for trial may be extended in the circumstance wherein an accused is without counsel as follows: "Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law…." In this matter, Appellant's first attorney filed a motion to withdraw due to possible conflict because he had previously represented Appellant's co-defendant.  The record does not reflect that this motion was ruled on; however, new counsel eventually filed a notice of appearance. The motion to withdraw constituted a tolling event of twenty-seven (27) days, chargeable against Appellant. This time did not overlap with any continuance granted to Appellee.

Appellant's Motion to Suppress

{¶28} A defendant's motion for discovery or for a bill of particulars tolls the speedy trial clock. See e.g., *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus. Additionally, a defense motion tolls the time, for a reasonable time, even if the trial date is not rescheduled. *Toler,* at ¶20. See, *State v. Sanchez,* 110 Ohio St.3d 274, 2006-Ohio- 4478, 853 N.E.2d 283,¶25-26.  Courts also recognize that a motion to disclose the identity of a confidential informant tolls the speedy trial clock. *Toler,* ¶20.  See, e.g., *State v. Nelson,*12th Dist. No. CA2007-11-046, 2009-Ohio-555, 2009 WL 295400, at ¶10. A motion to suppress was deemed to have contributed to delay, pursuant to R.C. 2945.72 (E) in *State v. Myers,* 97 Ohio St. 3d 335, 780 N.E.2d 186 (2002), at ¶44.

{¶29} In this matter, Appellant's case was initially assigned to trial on June 8, 2010.   The trial assignment was made by entry dated April 30, 2010. On May 20, 2010, the State issued subpoenas for its various witnesses to appear on June 6, 2010.[1]  Appellant filed a motion for leave to file a motion to suppress on June 4, 2010.  Although there is no entry vacating the June 8th trial date, there is an entry dated June 14, 2010, setting the suppression for hearing on August 20, 2010.   Pursuant to R.C. 2945.72(E), the suppression motion constitutes a tolling event of seventy-seven (77) days between the June 4th filing and the August 20th resolution of the motion. This time does not overlap

---

[1] An apparently corrected subpoena was issued on May 24, 2010 for the same witnesses to appear at trial on June 8, 2010.

with the first continuance requested by the State of Ohio.  The new trial date was scheduled pursuant to a scheduling order filed by the court on August 20, 2010, presumably after the conclusion of the suppression hearing.  This time is also chargeable against Appellant.

Appellant's Motion to Dismiss

{¶30} Appellant filed his motion to dismiss and the June trial date was vacated. The motion set for hearing on July 5, 2011.  On July 5th, the motion was overruled and trial rescheduled for September 6, 2011.  During the time between the filing of the motion to dismiss and the court's ruling on it, forty-seven (47) days elapsed.  These days are chargeable against Appellant.

{¶31} The total number of days for delays chargeable against Appellant is one hundred and fifty-one (151). After subtracting one hundred and fifty-one (151) days from one hundred and eighty (180) days, the remaining amount of overage after analysis of the continuances requested by Appellee, there remained twenty-nine (29) days.  For further purposes of clarity, we now consider miscellaneous remaining events which transpired during these proceedings.

The State's Motion to Compel

{¶32} A defendant's failure to respond within a reasonable time to a prosecution's request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D).  *King,* supra at 38,

citing *State v. Palmer,* 112 Ohio St.3d 457, 2007-Ohio-374, ¶24.  Here, The speedy trial clock had begun running again on August 20, 2010, after resolution of the motion to suppress. Then, the State filed its motion to compel on August 26, 2010.  The speedy trial clock tolled again on August 30, 2010, when the State filed its first motion to continue.  On September 17, 2010, the court granted the State's motion to compel.   Discovery was not provided until November 2, 2010.  However, this time would run concurrent or overlap with the time already granted on the State's first continuance of trial until December 6, 2010, except for the nine (9) days between August 20, 2010 and August 30, 2010.   This number of days would reduce the remaining overage from twenty-nine (29) days to twenty (20) days.

Appellant's request for preservation of substances for the purpose of independent analysis

{¶33} On September 9, 2010, Appellant filed the above request. We construe the request for preservation of substances and the supplemental request for discovery as another tolling event.  See *State v. Miller*, 9th Dist. No. 10CA009922, 10CA009915, 2012-Ohio-1263, 2012 WL 1020239, at ¶13, (appellate court held that defense counsel's request to continue trial for purposes of obtaining and expert report from accident reconstructionist was held to be tolling event.)  The trial court granted Appellant's request for preservation on October 25, 2010.  During this time, forty-six (46) days

elapsed. However, this time also coincides with the time previously granted as the State's first continuance.  Therefore, the time overlaps and does not add additional time for speedy trial purposes of the State.

Appellant's motion for production of laboratory data for purposes of independent review.

{¶34} Appellant also filed a motion for production of laboratory data for purposes of independent review on December 21, 2010.  The motion was granted on the same date.  However, at this point, the trial court had granted the State's second request for continuance and trial was currently scheduled for January 24, 2011.  Therefore, the one (1) day which would have been chargeable against Appellee was encompassed in the continuance period.

{¶35} In the case sub judice, Appellant was held in jail on one charge and should have been brought to trial within ninety (90) days.  He was arrested on March 27, 2010, and did not go to trial until September 7, 2011.  He was originally scheduled for trial on June 8, 2010, but he filed a motion to suppress which tolled time initially.  In sum, five hundred thirty (530) days elapsed from the date of Appellant's arrest until he was brought to trial. Subtracting ninety (90) days from five hundred and thirty (530) leaves a total of four hundred and forty (440) days. Of those remaining four hundred and forty (440) days of overage, Appellant's trial dates were continued at the State's request for a total of two hundred and sixty (260) days.  These continuances were reasonable,

necessary, and properly journalized.   Delays were also occasioned at the request of the Appellant for another one hundred and fifty-one (151) days. The speedy trial clock was also running for nine (9) days between the resolution of the suppression motion on August 20, 2010 and the filing of the State's first motion to continue on August 30, 2010.  We summarize as follows:

| | |
|---|---|
| 530 days | The total number of days Appellant awaited trial. |
| 90 | Speedy trial time. |
| 440 days | Overage |
| 260 days | Attributed to continuance sought by the State and granted by the court. |
| 151 days | Attributed to delays occasioned by the Appellant. |
| 9 days | Span of time between resolution of Appellant's motion to suppress and filing of the State's first motion to continue. |

{¶36} We add the two hundred and sixty days (260) days attributed to the State's continuances, the one hundred and fifty-one (151) days attributed to Appellant's delays, and the nine (9) miscellaneous days for a total of four hundred and twenty (420) days.  Subtracting four hundred and twenty (420) days from five hundred and thirty (530) days, (the time Appellant awaited trial,) we are left with a surplus of one hundred and ten (110) days.  Thus, for statutory speedy trial purposes, Appellant was brought to trial in one hundred

and ten (110) days, outside of the 90-day triple-count provision of R.C. 2945.71's time limitation.    Appellant's speedy trial rights were violated by twenty (20) days.  Accordingly, we sustain the assignment of error, reverse the trial court's judgment, and order that Appellant be discharged.

**JUDGMENT REVERSED**

Harsha, J. Concurring.

{¶37} I do not agree that granting five continuances for the state to secure its witness and a trial attorney was reasonable.  Thus, I concur in Judgment Only.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE REVERSED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.: Concurs in Judgment Only with Opinion.
Abele, P.J.: Dissents.


For the Court,

BY: _____
      Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**