[Cite as *State v. Sinkovitz*, 2014-Ohio-4492.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,           :      Case No.   13CA12

    vs.                           :

PAUL SINKOVITZ,                   :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.          :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Jason A. Sarver, P.O. Box 12, Rockbridge, Ohio, 43149[1]

COUNSEL FOR APPELLEE:       Laina Fetherolf, Hocking County Prosecuting Attorney, and
William L. Archer, Jr., Hocking County Assistant
Prosecuting Attorney, 88 South Market Street, Logan, Ohio
43138

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-6-14
ABELE, P.J.

{¶ 1}   This is an appeal from a Hocking County Common Pleas Court judgment of

conviction and sentence.   A jury found Paul Sinkovitz, defendant below and appellant herein,

guilty of (1) felonious assault with a firearm specification in violation of R.C. 203.11(A)(2) &

R.C. 2941.45, and (2) domestic violence in violation of R.C. 2919.25(A).   Appellant assigns the

following errors for review:

_____

[1] Different counsel represented appellant during the trial court proceedings, as well as part of this appeal.
On October 13, 2013, this Court granted appellant's motion for new counsel and allowed counsel to file a
supplemental brief.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FAILING TO DISMISS THE
CASE BASED UPON R.C. §2945.71."

SECOND (SUPPLEMENTAL) ASSIGNMENT OF ERROR:

"DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF
COUNSEL WHEN COURT-APPOINTED TRIAL COUNSEL
FAILED TO REQUEST FROM THE TRIAL COURT THE
UTILIZATION OF EXPERTS AT THE STATE'S EXPENSE.
APPELLANT WAS DENIED THE OPPORTUNITY TO
PRESENT A FULL AND COMPLETE DEFENSE."

{¶ 2} Appellant and the victim, his wife Delia Sinkovitz, had been married for

approximately twenty-three years.   The victim, understandably, characterized their marriage as

having "some good years," but some "rocky times" as well.

{¶ 3} Ms. Sinkovitz worked Thanksgiving Day 2012, but was off-work the following

day, November 23, 2012, when an altercation occurred between her and appellant.   Appellant

choked and then shot his wife during this altercation.[2]   It is undisputed that appellant was

arrested that day and remained incarcerated during the course of the trial court proceedings.

{¶ 4} On December 14, 2012, the Hocking County Grand Jury returned an indictment

that charged appellant with the aforementioned offenses, as well as attempted murder in violation

of R.C. 2923.02(A).   Appellant pled not guilty to all three offenses.   Subsequently, appellant

filed a motion to dismiss (on February 27, 2013) on grounds that the R.C. 2945.71 speedy trial

time had expired.   The appellee filed a memorandum contra and argued that the statutory time

limit had not expired.   After the March 18, 2013 hearing, the trial court denied appellant's

motion.   In a detailed eight page opinion, the trial court reviewed the procedural background of

---

[2] Appellant testified to the effect that the bullet simply deflected off her chest leaving only a "red mark."

the case and concluded that fifty-two (52) days had run of the ninety (90) days allowable under the statutory triple-count mechanism.

{¶ 5}   At the trial, the jury acquitted appellant of Count One of the indictment (attempted murder), but returned guilty verdicts on the other two counts.   The trial court sentenced appellant to serve four years in prison on the felonious assault charge, together with three years on the firearm specification, with both sentences to be served consecutively.   With respect to the domestic violence charge, the court sentenced appellant to serve one hundred eighty days to be served concurrently with the other sentences.   This appeal followed.[3]

I

{¶ 6}   In his first assignment of error, appellant asserts that the trial court erred by denying his motion to dismiss for violation of Ohio's statutory speedy trial provisions.   Our analysis of this argument begins with the premise that appellate review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact. *State v. James*, 4th Dist. Ross No. 13CA3393, 2014-Ohio-1702, at ¶23; *State v. Smith*, 4th Dist. Ross No. 10CA3148, 2011–Ohio–602, at ¶18.   We will defer to a trial court's factual findings if some competent and credible evidence supports them, but we review de novo the court's

_____

[3]Before we address the assignments of error on their merits, we first turn to several items that appellant filed pro se with this Court on June 23, 2014.   Appellant has had three attorneys during the course of this appeal and, although he is entitled to represent himself, he is not entitled to "hybrid" representation in which he acts both pro se and through appointed counsel.   See, generally, *State v. Martin*, 103 Ohio St.3d 385, 2004–Ohio–5471, 816 N.E.2d 227, paragraph one of the syllabus.   Nevertheless, neither of appellant's filings has merit.   The first is styled as a "Post Conviction Petition/Affidavit."   R.C. 2953.21(A) states that such petition must be filed in the "court that imposed sentence[.]" Obviously, we are not that court.   Thus, appellant filed his petition for postconviction relief in the wrong forum and it is therefore denied.

The second filing is styled "Article I General Provisions" and "Rule 103 Rulings on Evidence."   We do not understand what this is intended to be.   For the most part, it is a six page diatribe against the victim, a claim that "jury selection was rigged" and that the case is riddled with "corruption."   At one point, appellant also makes the claim that he is a victim of anti-Semitism.   Fortunately, we need not decipher this material as appellant asked for no specific relief and, thus, we will disregard this matter.

application of the law to those facts. See *State v. Carr*, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, at ¶12; *State v. Fisher*, 4th Dist. Ross No. 11CA3292, 2012-Ohio-6144, at ¶8.

**{¶ 7}** R.C. 2945.71 provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after arrest. Id. at (C)(2). If an accused is in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days for purposes of speedy trial calculation. Id. at (E). If an accused is not brought to trial within the statutory time limit, the accused must be discharged. R.C. 2945.73(B). However, the R.C. 2945.71 time limits can be extended for any reason set out in R.C. 2945.72, but those extensions must be strictly construed against the state. See *State v. Alexander*, 4th Dist. Scioto No. 08CA3221, 2009-Ohio-1401, at ¶17; *State v. Monroe*, 4th Dist. Scioto No. 05CA3042, 2007-Ohio-1492, at ¶27. With these principles in mind, we turn our attention to the case at bar.

**{¶ 8}** First, it is undisputed that appellant was incarcerated on November 23, 2012 and remained in jail throughout the trial court proceedings. Thus, the R.C. 2945.71(C)(2) triple-count mechanism applies and, by our calculation, appellant should have been brought to trial no later than February 21, 2013. However, appellant's trial occurred more than a month after that. Consequently, unless one or more events tolled the speedy trial time, appellant should have been discharged.

R.C. 2945.72 sets out the following events that will toll the speedy trial time limit:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or

during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

{¶ 9}   Appellant filed a discovery request on January 9, 2013.   This tolled the time period, R.C. 2945.72(E), *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at the syllabus and ¶¶22-23.   At this point, forty-seven days had elapsed.   The time period then started when the appellee responded to that request the next day.   The defense made a second request for discovery on January 14, 2013.   During the interval between the appellee's response and the second request for discovery, five days had elapsed that brings the total time to fifty-two (52) days for purposes of the triple-count mechanism.

{¶ 10} Although the appellee appears to have responded to that second request, in the

meantime appellant also filed a motion to compel discovery, as well as a request for a jury view. While the trial court overruled the first of his two motions on January 24, 2013, the latter was not overruled until February 13, 2013.   Without citing any authority to support its decision, the trial court included this period during which the request for jury view was pending.[4]

{¶ 11} First, the only case we have found that squarely addressed this issue is *State v. Williams*, 7th Dist. Mahoning No. 07MA162, 2008-Ohio-1532, at ¶24.   *Williams* concluded that such request is a tolling event.[5]   Second, as we note above, R.C. 2945.72(E) states that the speedy trial time will be tolled for "[a]ny . . . proceeding, or action made or instituted by the accused." (Emphasis added.)   A request for a jury view is a proceeding instituted by an accused, and the word "any" is sufficiently broad to include this type of proceeding.

{¶ 12} Finally, our decision is guided by the reasoning the Supreme Court espoused in *Brown*, supra, for declaring that a discovery request will toll the speedy trial deadline.   The *Brown* court noted that such motions "divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." 2002-Ohio-7040, at ¶23.   In its March 21, 2013 decision and judgment, the trial court noted that the request for a jury view is a "substantive issue requiring the state [sic] to file a response and for the Court to weigh the issues."   Indeed, the

---

[4]  Much of appellant's claim in his first brief, to the extent we understand it, seems centered on what he essentially claims a failure by the State to disclose discoverable evidence which he contends should have allowed the so-called "speedy trial clock" to have started back up again.   Though we are not entirely sure we follow many of the arguments in appellant's first brief, we point out our calculation of time affords very little tolling of speedy trial time on basis of appellant's request for discovery.   Moreover, just as the trial court noted in its decision and entry overruling appellant's motion to dismiss below, there are other potential issues that tolled the speedy trial time which we have not even addressed herein.

[5]  The issue was before our Second District colleagues, but they declined to answer it. See *State v. Short*, 2nd Dist. Montgomery App. No. 17288, 1999 WL 397361 (Jun. 18, 1999).   A cursory review of other jurisdictions, nationwide, does not provide any authority one way or the other.

appellee did respond and oppose the request and, thus, under Brown, diverted attention and resources to the request that could have instead been used to prepare the case for trial.

{¶ 13} By the time the trial court overruled the request for jury view on February 13, 2013, thirty eight days remained to bring appellant to trial. Appellant then filed his motion to dismiss on February 27, 2013 that, again, tolled the time limit under R.C. 2945.72(E). By this point, fifteen additional days had elapsed for a total of sixty-seven (67) days. The trial court overruled appellant's motion on March 21, 2013, that again re-started the speedy trial clock. Appellant's trial then commenced on March 28, 2013. Consequently, eight days were charged to the speedy trial time limit. In total, accounting for the triple-count mechanism, seventy-five (75) days had elapsed from the time of appellant's incarceration to his trial. Thus, we find no error in the trial court's denial of the motion to dismiss even though our calculations are slightly different than the trial court's calculations.[6]

{¶ 14} Accordingly, for these reasons, we find no merit to the first assignment of error and it is hereby overruled.

II

{¶ 15} Appellant argues in his second (supplemental) assignment of error that he did not receive constitutionally effective assistance from trial counsel. The basis for this argument, according to appellant, is that trial counsel failed to request funds for a firearms expert. He argues that gunshot residue analysis "might" have offered insight, that an expert "could have"

---

[6] Our calculation of speedy trial time (75 days) is somewhat different from the trial court's 60 days (that included the 52 it found to have elapsed prior to filing of the motion to dismiss, plus 8 more days to trial). The appellee represents in its brief that it disagrees with the trial court's calculations, but refuses to set out any calculation of its own.

assisted defense counsel and that a reconstructionist "may have" bolstered his case.

{¶ 16} Criminal defendants have a right to counsel, and this includes a right to the effective assistance from counsel.  McCann v. Richardson (1970), 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182; State v. Doles (Sept. 18, 1991), Ross App. No. 1660. To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Goff (1998), 82 Ohio St.3d 123, 139, 694 N.E.2d 916.

{¶ 17} Both prongs of the Strickland test need not be analyzed if the ineffective assistance claim can be resolved under one.  See State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. To establish the latter element, (the existence of prejudice), a defendant must show a reasonable probability exists that, but for counsel's alleged error, the result of the trial would have been different. State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

{¶ 18} Even if we assume arguendo that appellant's trial counsel erred by not asking for funds to secure expert witnesses, appellant has not demonstrated that he was prejudiced (i.e., the outcome of the trial would have been otherwise).  Indeed, as we mention above, the gist of the arguments appellant asserted in his brief are all phrased as hypotheticals.  Phrases like "might have," "could have" or "may have" suggest a vague possibility of a different outcome at trial had experts been retained.  However, this is not the standard for review of ineffective assistance of

counsel claims.   There is, after all, almost always a theoretical chance that any criminal trial could have come to a different result if various experts had been hired by the defense.

{¶ 19}  Courts generally will not simply assume the existence of prejudice in an effective assistance of counsel claim.   Instead, courts must require that prejudice be affirmatively demonstrated. See *State v. Ruppen*, 4th Dist. Washington No. 11CA22, 2012-Ohio-4234, at ¶34; *State v. Hairston*, 4th Dist. No. 06CA3089, 2007–Ohio–3707, ¶16.   Here appellant failed to show that the employment of experts would have resulted in a different outcome, and we cannot conclude that appellant was deprived of constitutionally effective assistance of trial counsel. Thus, we overrule his second, supplemental assignment of error.

{¶ 20}  Having reviewed all errors appellant assigned and argued, and finding merit in none, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Sinkovitz*, 2014-Ohio-4492.]

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed, and appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.