[Cite as *State v. Taylor*, 2015-Ohio-2919.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | Case No. 14CA993 |
| v. | : | |
| | | DECISION AND |
| DWAIN TAYLOR, | : | JUDGMENT ENTRY |
| Defendant-Appellee. | : | RELEASED 07/17/2015 |

APPEARANCES:

David Kelley, Adams County Prosecuting Attorney, and Jonathan Coughlan, Special Counsel for Adams County Prosecutor's Office, West Union, Ohio, for Appellant.

Timothy Young, Ohio State Public Defender, and Valerie Kunze, Assistant Ohio State Public Defender, Columbus, Ohio, for Appellee.

Hoover, P.J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals the judgment of the trial court that granted a motion to dismiss filed by the defendant-appellee, Dwain Taylor. Taylor had been charged with one count of aggravated possession of drugs, a fifth degree felony in violation of R.C. 2925.11(A). The trial court dismissed the indictment based on a violation of Taylor's constitutional right to a speedy trial. On appeal, the State contends that the 270 day period for Taylor's speedy trial had not run as of the date of the trial court's ruling on Taylor's motion. Having found no error in the trial court's judgment, the State's assignment of error is overruled. Accordingly, we affirm the judgment of the trial court.

I. FACTS

{¶ 2} On August 31, 2012, in Adams County, Ohio, Ohio State Trooper A.R. Day issued a citation to Taylor for failing to yield-turning left in violation of R.C. 4511.42. In conjunction with this traffic violation, Taylor was arrested for suspicion of possession of drugs and was incarcerated in the Adams County Jail. On the traffic citation, Trooper Day noted "POSSESSION OF DRUGS F5" and checked "Yes" indicating an accompanying criminal charge. As of September 4, 2012, no additional charges were filed against Taylor; thus, he was released that day. On September 10, 2012, Taylor then pleaded guilty to the traffic violation and paid his fine.

{¶ 3} Approximately a year later on September 3, 2013, Taylor was formally charged in the Adams County Court in Case Number CRB 1300403 with attempted possession of drugs, a first degree misdemeanor, in violation of R.C. 2923.02(A). This case ultimately was dismissed without prejudice on December 17, 2013.

{¶ 4} Prior to the county court case being dismissed, a grand jury indicted Taylor on December 12, 2013, on one count of aggravated possession of drugs, a fifth degree felony, in violation of R.C. 2925.11. The State concedes that the subject matter of the indicted charge is the same as that in the county court case. Furthermore, the State concedes that the time that Taylor was incarcerated from August 31, 2012 through September 4, 2012, should be assessed against the State for purposes of speedy trial analysis. Therefore, the State implicitly concedes that the subject matter for which Taylor was arrested in 2012 was the same as the charge in the county court case and the charge in the indictment.

{¶ 5} On January 14, 2014, Taylor filed a motion to dismiss the indictment based on violations of his constitutional right to a speedy trial. The trial court granted Taylor's motion to dismiss. It is from this dismissal that the State of Ohio brings its timely appeal.

{¶ 6} The State of Ohio assigns the following error for our review:

THE 270 DAY PERIOD FOR THE DEFENDANT'S SPEEDY TRIAL HAD
NOT RUN AS OF THE DATE OF THE TRIAL COURT'S RULING ON THE
DEFENDANT'S MOTION.

## II. STANDARD OF REVIEW

{¶ 7} Appellate review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact. *State v. James,* 4th Dist. Ross No. 13CA3393, 2014-Ohio-1702, ¶ 23; *State v. Smith,* 4th Dist. Ross No. 10CA3148, 2011-Ohio-602, ¶ 18. We will defer to a trial court's factual findings if some competent and credible evidence supports them, but we review de novo the court's application of the law to those facts. *See State v. Carr,* 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, ¶ 12; *State v. Fisher,* 4th Dist. Ross No. 11CA3292, 2012-Ohio-6144, ¶ 8.

## III. LAW AND ANALYSIS

{¶ 8} The State argues that the trial court erred by dismissing Taylor's case based on a violation of Taylor's constitutional rights to a speedy trial. The State contends that the 270 day period for the defendant's speedy trial had not run as of the date of the trial court's ruling on the defendant's motion. Although the State concedes that the days that Taylor was incarcerated from August 31, 2012 through September 4, 2012, should be assessed against the State, the State claims that the commencement date for computation of time for purposes of speedy trial analysis is the date that Taylor was actually charged with the offense, to wit: September 3, 2013.

{¶ 9} On the other hand, Taylor argues that the date to start computation of time is the date of arrest, to wit: August 31, 2012, not the charging date of September 3, 2013. The parties agree that Taylor was arrested on August 31, 2012, for the same subject matter that gave rise to the indictment for aggravated possession of drugs. Therefore, Taylor contends that more than

270 days had already elapsed from the date of arrest to the date of filing of the motion to dismiss.

{¶ 10} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial. *State v. Blackburn,* 118 Ohio St.3d 163, 2008–Ohio–1823, 887 N.E.2d 319, ¶ 10. The trial time tolling provisions are set forth in R.C. 2945.72.

{¶ 11} R.C. 2945.71 provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after arrest. *Id.* at (C)(2). If an accused is in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days for purposes of speedy trial calculation. *Id.* at (E). If an accused is not brought to trial within the statutory time limit, the accused must be discharged. R.C. 2945.73(B). However, the R.C. 2945.71 time limits can be extended for any reason set out in R.C. 2945.72, but those extensions must be strictly construed against the State. *See State v. Alexander,* 4th Dist. Scioto No. 08CA3221, 2009-Ohio-1401, ¶ 17; *State v. Monroe,* 4th Dist. Scioto No. 05CA3042, 2007-Ohio-1492, ¶ 27.

{¶ 12} The State relies upon *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, for the proposition that for purposes of calculating speedy-trial time pursuant to R.C. 2745.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance. *Azbell* at ¶ 21. The State further relies upon *State v. Broughton*, 62 Ohio St.3d 253, 258, 581 N.E.2d 541 (1991), for the principle that the speedy trial statute shall run against the State only during the time in which an indictment or charge of felony is pending. *See also* R.C. 2945.71(C). *Azbell and Broughton*, however, are not controlling here.

{¶ 13} In *Azbell*, the defendant was arrested in May 2003, but the Ohio Supreme Court found that she was not "held to answer" because she was immediately released after being photographed and fingerprinted at the police station. The Ohio Supreme Court reasoned:

> At the time of her arrest, she was not charged with any offense. Thus, she was never subject to "actual restraints imposed by arrest and holding to answer a criminal charge." *Marion,* 404 U.S. at 320, 92 S.Ct. 455, 30 L.Ed.2d 468. Her liberty was not in jeopardy, one of the overriding concerns of speedy-trial violations. See *United States v. Loud Hawk* (1986), 474 U.S. 302, 310–312, 106 S.Ct. 648, 88 L.Ed.2d 640. Because no charge was outstanding and she was not held pending the filing of charges or released on bail or recognizance, Azbell did not become a "person against whom a charge of felony is pending" until she was arrested on the indictment in April 16, 2004.

*Id.* at ¶ 20.

{¶ 14} In contrast, in the case sub judice, Taylor was arrested on August 31, 2012 and was actually incarcerated until September 4, 2012. This is different from Azbell's situation in which she was immediately released upon her arrest. The late Chief Justice Thomas Moyer stated in his dissent in *Azbell*:

> " 'To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

" 'Invocation of the speedy trial provision thus need not await indictment,

information, or other formal charge.' " Id. at 65, 96 S.Ct. 303, 46 L.Ed.2d 205,

quoting *Marion,* 404 U.S. at 320–321, 92 S.Ct. 455, 30 L.Ed.2d 468.

*Id.* at ¶¶ 42-43 (Moyer, C.J., dissenting).

{¶ 15} Likewise, the facts in this case are dissimilar to those in *Broughton*. In

*Broughton*, the defendant was indicted on November 17, 1988; and the indictment was

dismissed as defective on July 18, 1989. *Id*. at 254. The defendant was later indicted on

October 18, 1989. *Id.* The Ohio Supreme Court held, "For purposes of computing how

much time has run against the state under R.C. 2945.71 *et seq.,* the time period between

the dismissal without prejudice of an original indictment and the filing of a subsequent

indictment, premised upon the same facts as alleged in the original indictment, shall not

be counted unless the defendant is held in jail or released on bail pursuant to Crim.R.

12(I)." *Id*., paragraph one of the syllabus. Taylor was never initially indicted as

Broughton was. The facts in *Broughton* simply do not apply to this case.

{¶ 16} This Court cited *Azbell* in *State v. Thomas*, 4th Dist. Adams No. 06CA825, 2007-

Ohio-5340, and stated that "further considerations are necessary when subsequent indictments

arise from the same facts that led to the initial charge." *Id*. at ¶ 11.

" * * * [W]hen new and additional charges arise from the same facts as did the

original charge and the state knew of such facts at the time of the initial

indictment, the time within which trial is to begin on the additional charge is

subject to the same statutory limitations period that is applied to the original

charge." *State v. Adams* (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, quoting

*State v. Clay* (1983), 9 Ohio App.3d 216, 218, 9 OBR 366, 459 N.E.2d 609. The

Ohio Supreme Court addressed this issue again in *State v. Baker,* 78 Ohio St.3d 108, 1997-Ohio-229, 676 N.E.2d 883. "In prior cases, we have dealt with the problem of multiple indictments in relation to Ohio's speedy-trial statute. Specifically, we have held that subsequent charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if additional charges arose from the same facts as the first indictment." *Id.* at 110. " * * * [T]he holdings of *Baker* and *Adams,* which, combined, stand for the proposition that speedy-trial time is not tolled for the filing of later charges that arose from the facts of the criminal incident that led to the first charge." *State v. Parker,* 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, at ¶ 20.

*Thomas* at ¶ 12.

{¶ 17} Floyd Thomas was arrested on November 12, 2004, both for possession of marijuana and having weapons under disability. After being held in jail for three days, Thomas pleaded guilty to the possession of marijuana charge and was released. At the time of his release, Thomas was not indicted, charged, nor made to post bail with respect to the allegations of having weapons under disability. It was not until over a year later in December 2005 that Thomas was indicted on a weapons under disability charge arising from the same facts and circumstances as the November 12, 2004 arrest. This Court found that as to the December 2005 indictment on the weapons under disability charge, that the speedy trial clock started to run in November of 2004. This Court affirmed the decision of the trial court in dismissing the having weapons under disability charge.

{¶ 18} The case sub judice is similar to *Thomas.* Taylor had been arrested after the traffic stop on August 31, 2012. Because the only two charges referred to on the citation were for

failing to yield-turning left in violation of R.C. 4511.42, a minor misdemeanor, and a notation for

"POSSESSION OF DRUGS F5," Taylor could only have been arrested for the possession of

drugs. The State conceded in the hearing on the motion to dismiss that Taylor was arrested for

the possession of drugs. Taylor was held in the Adams County Jail from August 31, 2012

through September 4, 2012. Taylor then pleaded guilty to the traffic charge on September 10,

2012. Similar to Floyd Thomas, the State charged Taylor approximately a year later on

September 3, 2013. Taylor's charge of attempted possession of drugs, a first-degree

misdemeanor, in violation of R.C. 2923.02(A) was based on the same facts and circumstances of

the August 31, 2012 arrest. We find that the reasoning in *Thomas* is controlling in this case.

{¶ 19} Another case that we find applicable is *State v. Horsley*, 4th Dist. Ross No.

10CA3152, 2011-Ohio-1355. In *Horsley*, the appellant was arrested on July 11, 2009, for

numerous charges including vandalism. Appellant remained in jail for at least 9 days but was not

charged with vandalism. On November 6, 2009, a grand jury indicted the appellant on a

vandalism charge; and on November 9, 2009, appellant was arrested pursuant to the indictment.

Although appellant had filed a motion to dismiss based on speedy trial violations, the trial court

denied the motion to dismiss. The appellant remained incarcerated until his conviction. Appellant

argued on appeal that his speedy trial rights were violated. This Court had to decide whether, for

speedy trial purposes, appellant's arrest on the offense occurred on July 11, 2009, or if the arrest

occurred when appellant was arrested pursuant to the indictment on November 9, 2009. This

Court found that the case did not involve a complex or elaborate crime or set of circumstances;

and the State knew, or should have known, of the facts constituting the offense at the time of

appellant's original arrest. The date that the trial court needed to start the computation of time for

speedy trial purposes was the original arrest date, not the date of arrest pursuant to the

indictment. Therefore, this Court reversed the trial court's decision denying the motion to dismiss.

{¶ 20} The case at bar is similar to *Horsley* in that the State knew of the facts constituting the offense of possession of drugs at the time of Taylor's original arrest. The original citation reflected a notation stating "POSSESSION OF DRUGS F-5." The record does not reflect that the State acquired any new knowledge or information pertaining to the possession of drugs charge between the original arrest date of August 31, 2012, and the filing of the charge in September 2013. Like *Horsley*, this case did not involve a complex or elaborate crime or set of circumstances. In fact, at the hearing on the motion to dismiss, Taylor testified that the subject of the charge was a Percocet. That fact was apparent at the time of the arrest and no further investigation was necessary. The State knew, or should have known, of the facts constituting the offense at the time of Taylor's original arrest. No evidence was presented at the hearing regarding any explanation for the delay in filing the charges. Therefore, we find that the date that the trial court needed to start the computation of time for speedy trial purposes was the original arrest date of August 31, 2012.

{¶ 21} Failure to try the accused within the statutory time limit requires that he be discharged. R.C. 2945.73(B). "Upon establishing that more than 270 days has passed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation." *State v. Davis,* 4th Dist. Scioto No. 12CA3506, 2013–Ohio–5311, ¶ 19. Once a defendant presents a prima facie case for dismissal, then the burden shifts to the State to prove that the limitations have not expired, either by showing that the time limit was extended by R.C. 2945.72, or by establishing that the accused is not entitled to the triple count provision in R.C. 2945.71(E). *Id.; Carr,* 2013–Ohio–5312 at ¶ 13; *State v. McGhee,* 4th Dist. Lawrence No. 04CA15, 2005–Ohio–

1585, ¶ 39.

{¶ 22} In this case, approximately 509 days[1] elapsed between the date of Taylor's arrest on August 31, 2012, and the date of filing of the motion to dismiss, January 14, 2014. Taylor has thus established a prima facie case of a speedy trial violation; and the burden is on the State to show that a violation has not occurred. We are mindful that we must construe extensions of time under R.C. 2945.72 strictly against the State. *State v. Singer* (1977), 50 Ohio St.2d 103, 105-06, 362 N.E.2d 1216.

{¶ 23} The State has attempted to show that a violation has not occurred by arguing that the time between Taylor's release from incarceration on September 4, 2012 through the filing of the charges on September 3, 2013 should not be considered in computing the speedy trial time. For the reasons stated above, we do not accept the State's timetable that it presented in its brief to calculate the defendant's speedy trial time.

> Incident on 08/31/2012 through release on 9/4/2012
> (4 days X 3 for incarceration)…………………………..      12 days
> Charges filed on 9/3/2013 until dismissal of the
> Indictment on 3/25/2014………………………………      204 days
> Total                                                       216 days.

Thus, we find that the State has not met its burden to show that a violation has not occurred.

{¶ 24} Based on the foregoing, the State's sole assignment of error is overruled.

### IV. CONCLUSION

{¶ 25} Having overruled the State's assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

---

[1] 509 days is computed by adding 12 days for the days that Taylor was incarcerated from August 31, 2012 through September 4, 2012, plus 118 days from September 5, 2012 through December 31, 2012, plus 365 days in 2013, plus 14 days in 2014 until Taylor's motion to dismiss was filed.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds that reasonable grounds exist for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and McFarland, A.J.: Concur in Judgment and Opinion.

For the Court

By:_____

Marie Hoover
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.