JOURNAL ENTRY AND OPINION
{¶ 1} Appellant City of Rocky River ("the City") appeals the dismissal of its case against appellee Anne T. Glodick by the Rocky River Municipal Court. After a thorough review of the record and appellant's brief,[1] and for the reasons set forth below, we affirm.
 {¶ 2} On May 22, 2006, the City commenced its prosecution of appellee on an OVI charge, a misdemeanor of the first degree. On May 25, 2006, appellee filed a speedy trial waiver with the court. On August 16, 2006, the City dismissed the OVI charge without prejudice, although the parties agreed that other minor misdemeanor charges may be filed.
 {¶ 3} On August 18, 2006, the City filed six minor misdemeanor charges against appellee under Ohio's traffic code, R.C. Title 45.[2] No separate speedy trial waiver was filed by appellee when the new charges were brought against her. On October 10, 2006, appellee filed a motion to dismiss on the basis of a speedy trial violation. On December 21, 2006, the trial court granted appellee's motion to dismiss, relying onState v. James (Feb. 8, 1996), Cuyahoga App. No. 69075.
 {¶ 4} The incident that gave rise to this appeal occurred on May 21, 2006. Late that evening, while appellee was sitting in her vehicle, she was approached by *Page 4 
Officer Witalis of the Rocky River Police Department. Her vehicle was lawfully parked in a parking lot on Wooster Road in the city of Rocky River, Ohio. Officer Witalis was responding to a citizen's tip that the citizen had seen appellee driving poorly. The police officer arrested appellee on suspicion of operating a motor vehicle while under the influence of alcohol or drug abuse, in violation of the codified ordinances of Rocky River, Section 333.01(A)(1). Results of appellee's breath alcohol test and the additional chemical test of urine showed no trace of alcohol or other illicit substance.
 {¶ 5} On August 16, 2006, the City dismissed the OVI charges against appellee, and on August 18, 2006, filed new charges for six minor misdemeanors. On October 10, 2006, appellee filed her motion to dismiss the minor misdemeanors for violation of the speedy trial statute. The trial court granted appellee's motion to dismiss on December 21, 2006. It is this dismissal that the City now appeals.
 {¶ 6} "I. The trial court erred as a matter of law when it dismissed the prosecution of the appellant based upon the speedy trial statute."
 {¶ 7} In its sole assignment of error, the City argues that it did not violate the speedy trial statute regarding the prosecution of appellee on minor misdemeanor charges. In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. See United *Page 5 States v. Smith (C.A.6, 1996), 94 F.3d 204, 208, certiorari denied (1997), 519 U.S. 1133; United States v. Clark (C.A. 11, 1996),83 F.3d 1350, 1352.
 {¶ 8} It is well-established that the Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and shall be strictly enforced by the courts of this state. State v. Pachay (1980), 64 Ohio St.2d 218. Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. State v. Howard (1992), 79 Ohio App.3d 705. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. State v. Geraldo (1983),13 Ohio App.3d 27.
 {¶ 9} R.C. 2945.71(A) states the applicable provision to determine how much time can run before a defendant charged with a minor misdemeanor is brought to trial: "Subject to division (D) of this section, a person * * * against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest * * *."
 {¶ 10} This court has said that the provisions of R.C. 2945.71
implement the constitutional guarantee of a speedy trial found in the Ohio Constitution, thus those provisions "are mandatory and must be strictly complied with by the state. * * *." State v. Pudlock (1975),44 Ohio St.2d 104, 105, 73 O.O.2d 357, 358, 338 N.E.2d 524, 525. *Page 6 
 {¶ 11} The Rocky River Municipal Court dismissed appellee's case for violation of the speedy trial statute, relying on this court's holding in James: "When new and additional charges arise from the same facts as did the original indictment, the time within which trial is to begin on the additional charges is subject to the same statutory limitations period that is applied to the original case." James, supra. We agree with the lower court's ruling and reliance on James that the clock started running on any and all charges related to appellee's arrest on May 22, 2006. Thus, the 30-day time limit for the minor misdemeanors began to run on May 22, 2006.
 {¶ 12} The City first argues that it had 90 days from May 22, 2006 to bring appellee to trial. It relies on the language in R.C. 2945.71(D), which states: "A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section."
 {¶ 13} The City proposes that since the time period for the original OVI charge, a first-degree misdemeanor, is 90 days, likewise it had 90 days to bring the minor misdemeanor charges. The City's reading of R.C.2945.71(D) is flawed. At the time the City filed minor misdemeanor charges against appellee, no other charges were pending against appellee. The City dismissed the first-degree misdemeanor charges against appellee on August 16, 2006, and filed minor misdemeanor charges *Page 7 
against appellee on August 18, 2006. The two-day lapse is significant to our decision in this case.
 {¶ 14} Regardless of the fact that the later charges stemmed from the same act or transactions as those of the earlier charges, the two sets of charges were not pending simultaneously. The language of R.C.2945.71(D) states that when determining the time period to trial for one or more offenses which arose from the same transaction, these charges must be pending simultaneously in order to trigger the application of division (D). We agree with the lower court that the start date for the minor misdemeanor charges is the same as that for the first-degree misdemeanor charges. However, division (D) does not require the 90-day limitation to apply since the first degree misdemeanor charges and the minor misdemeanor charges were not pending simultaneously. The City had only 30 days from May 22, 2006 in which to bring appellee to trial.
 {¶ 15} The City next argues that the speedy trial waiver appellee signed with respect to the OVI charges applies to the latter filed minor misdemeanor charges. We do not agree. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst (1938), 304 U.S. 458, 464. See, also,State v. Singer, supra; State v. Tope (1978), 53 Ohio St.2d 250,7 O.O.3d 408, 374 N.E.2d 152.[3] For a waiver to be entered into knowingly, it is *Page 8 
elementary that the defendant understand the nature of the charges against him, as well as know exactly what is being waived and the extent of the waiver. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."Brady v. United States (1970), 397 U.S. 742, 748. See, also, State v.Ruppert (1978), 54 Ohio St.2d 263, 8 O.O.3d 232, 375 N.E.2d 1250.
 {¶ 16} In State v. Adams (1989), 43 Ohio St.3d 67, the state argued that appellant, having waived his right to a speedy trial on certain charges, had also waived his right to new and subsequently filed charges arising from the same acts. The court found there was a violation of the defendant's right to a speedy trial with respect to the latter filed charges since no waiver had been signed. The Adams court held "we do not find that appellant's waiver of his right to a speedy trial as to the original charge can be construed as a knowing and intelligent waiver of such a right as to the second charge. Although it is uncontested that the waiver was valid as to the first charge, appellant was neither advised nor knew that such waiver would apply to subsequent charges arising out of the same facts. Unaware that his original waivers could affect the course of a subsequent charge, appellant did not have sufficient knowledge of the consequences of his actions at the time he executed the *Page 9 
waivers so that such actions could constitute valid waivers as to the right to a speedy trial of the second charge. In the case before us, we do not find that appellant's waiver of his right to a speedy trial as to the original charge can be construed as a knowing and intelligent waiver of such a right as to the second charge. " Adams, supra.
 {¶ 17} We agree with the holding in Adams and the decision of the lower court in the instant case. Appellee did not waive her rights to a speedy trial on charges she was unaware of prior to indictment. Her waiver applied to the charges that were filed against her on May 22, 2006, and not those filed on August 18, 2006. The City's assignment of error is overruled.
Judgment is hereby affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
MELODY J. STEWART, J., CONCURS; COLLEEN CONWAY COONEY, J., DISSENTS, WITH SEPARATE OPINION.
[1] Appellee did not file a brief.
[2] Appellee was charged with violations of R.C. Title 45, including willful and wanton operation, reasonable control, divided roadways, slow speed, marked lanes, and driving/passing left of center.
[3] If a criminal defendant does waive the right to a speedy trial, however, the waiver must be done knowingly, voluntarily and intelligently. "[I]t has been pointed out that `courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we `do not presume acquiescence in the loss of fundamental rights.'" See Johnson, supra. *Page 10