[Cite as *State v. Sheline*, 2016-Ohio-4794.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

                                        :           Case No. 15CA3511

    Plaintiff-Appellee,                 :

                                        :

    vs.                                 :           DECISION AND JUDGMENT

                                        :           ENTRY

NICHOLAS A. SHELINE,                    :

                                        :

    Defendant-Appellant.                :           **Released: 06/29/16**

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Ben A. Rainsberger, Assistant
Ohio Public Defender, Chillicothe, Ohio, for Appellant.

Sherri K. Rutherford, Chillicothe Law Director, and Michele R. Rout, Assistant
Law Director, Chillicothe, Ohio, for Appellee.

McFarland, J.

{¶1} Nicholas A. Sheline appeals the October 1, 2015 judgment of the
Chillicothe Municipal Court, which convicted him of three misdemeanor traffic
charges. On appeal, he asserts that the trial court erred by denying his motion to
discharge for failure to provide him a speedy trial as required by R.C. 2945.71.
Having reviewed the record, we find no merit to Appellant's arguments. As such,
we overrule the sole assignment of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} Here, Appellant was involved in an automobile accident on December 31, 2014. The Ohio State Highway Patrol investigated the accident scene and obtained a sample of Appellant's blood. On January 2, 2015, Appellant was served a summons for violations of R.C. 4511.19(A)(1)(a), operating a motor vehicle under the influence ("OVI"), a first degree misdemeanor; R.C. 4511.212, failure to control; and R.C. 4513.263(B)(1), a seatbelt violation. These cases were assigned Chillicothe Municipal Court case numbers TRC 1500014 A, B, and C.

{¶3} The Ohio Department of Public Safety conducted its own investigation and on January 17, 2015 Appellant was served with an additional complaint charging a violation of R.C. 4301.69(E), underage alcohol, another first degree misdemeanor, which was assigned Chillicothe Municipal Court case number CRB 1500167.[1] The traffic and criminal cases were consolidated.

{¶4} On April 21, 2015, Appellant filed a motion to discharge for failure to bring him to trial as required by R.C. 2945.71 et seq. On June 9, 2015, the trial court overruled the motion. Appellant filed an appeal in this court (*State v. Sheline,* 15CA3495) which was dismissed. Appellant ultimately pled no contest to the charges and he was sentenced on October 1, 2015.

---

[1] On March 10, 2015, the Ohio Highway Patrol served Appellant with a violation of R.C. 4511.19, operation above specified limits. This additional violation became the "D" charge in the prior traffic charges. The "D" charge was dismissed and is not part of this appeal.

{¶5} This appeal followed.  Additional relevant facts are set forth below.

ASSIGNMENT OF ERROR

"I. THE COURT BELOW ERRED BY DENYING
DEFENDANT/APPELLANT'S MOTION TO DISCHARGE FOR
FAILURE TO PROVIDE HIM WITH A SPEEDY TRIAL AS
REQUIRED BY O.R.C. §2945.71 ET. SEQ."

A.  STANDARD OF REVIEW

{¶6} Our analysis begins with the premise that appellate review of a trial

court's decision on a motion to dismiss for a speedy trial violation involves a mixed

question of law and fact. *State v. Brown,* 4th Dist. Scioto No. 13CA3585,

--N.E.3d--, 2016-Ohio-1453, ¶ 5. *State v. James,* 4th Dist. Ross No. 13CA3393,

2014-Ohio-1702, at ¶ 23; *State v. Smith*, 4th Dist. Ross No. 10CA3148, 2011-

Ohio-602, at ¶ 18.  Generally, an appellate court will defer to a trial court's factual

findings if competent and credible evidence supports those findings.  However, an

appellate court will review de novo a trial court's application of the law to those

facts. *State v. Carr,* 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, at ¶ 12; *State

v. Fisher,* 4th Dist. Ross No. 11CA3292, 2012-Ohio-6144, at ¶ 8.  We are

reminded that when reviewing the legal issues presented in a speedy trial claim, we

must strictly construe the relevant statutes against the State. *Id.; State v. Skinner,*

4th Dist. Ross No. 06CA2931, 2007-Ohio-6320, ¶ 9; *Brecksville v. Cook,* 75 Ohio

St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706; *State v. Miller,* 113 Ohio App.3d

606, 608, 681 N.E.2d 90 (11th Dist.1996); *State v. Cloud,* 122 Ohio App.3d 626, 702 N.E.2d 500 (2nd Dist.1997).

## B. LEGAL ANALYSIS

**{¶7}** Appellant contends the trial court erred in denying his motion to dismiss for a statutory speedy-trial violation. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial, and this guarantee is implemented in R.C. 2945.71, which provides specific statutory time limits within which a person must be brought to trial. See *State v. Hucks,* 4th Dist. Ross No. 15CA3488, 2016-Ohio-323, ¶ 19; *State v. Taylor,* 4th Dist. Adams No. 14CA993, 2015-Ohio-2919, ¶ 10, citing *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.

**{¶8}** Appellant's OVI charge is a misdemeanor of the first degree and R.C. 2945.71(B)(2) requires that he be brought to trial within 90 days of his arrest. Appellant was served a summons in the traffic cases on January 2, 2015. When computing how much time has run against the State under R.C. 2945.71, we begin with the day after the date the State initially arrests the accused. R.C. 1.14; Crim.R. 45(A); *State v. Staffin,* 4th Dist. Ross No. 07CA2967, 2008-Ohio-338, ¶ 9.

**{¶9}** The motion to dismiss was filed on April 21, 2015. In his motion to dismiss, Appellant pointed out that 109 days had passed without his being tried and

thus he made a prima facie case for dismissal based on the statutory speedy-trial limits. We agree with his calculations. The burden then shifted to the State to show that the speedy-trial limit had not expired because R.C. 2945.72 extended it. See *Hucks*, *supra,* citing *State v. Davis,* 4th Dist. Scioto No. 12CA3506, 2013-Ohio-5311, ¶ 19. Appellant argues: (1) the trial court's determination of a tolling period due to the filing of Defendant's reciprocal response to discovery was erroneous; and (2) the trial court's determination of a tolling period based upon the trial court's *sua sponte* entry dated March 18, 2015 was erroneous. We begin by setting forth the relevant dates and occurrences herein.

| | |
|---|---|
| January 2, 2015 | Appellant cited for traffic cases A-C. |
| January 12, 2015 | Appellant's request for discovery and motion to preserve evidence. |
| January 28, 2015 | Appellant's response to request for reciprocal discovery. |
| March 10, 2015 | Original jury trial date. Appellant served with new charge "D." State moved to continue trial date. Appellant objected to continuance. Court granted continuance. Additional pretrial set for March 20, 2015. New jury trial date is March 24, 2015. |

1. Appellant's Response to Reciprocal Demand for Discovery.

{¶10} Appellant was served summons on January 2, 2015. Appellant filed a demand for discovery on January 12, 2015. Pursuant to R.C. 2945.72(E) and (H) respectively, the time within which an accused must be brought to trial is extended

by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused" and "the period of any reasonable continuance granted other than upon the accused's own motion." *Hucks, supra*, at ¶ 21. "A demand for discovery * * * is a tolling event pursuant to R.C. 2945.72(E)." *Huck, supra*, quoting *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-781 N.E.2d 159, syllabus; *State v. Toler,* 4th Dist. Ross No. 09CA3103, 2009-Ohio-6669, ¶ 20 ("A defendant's filing of a motion for discovery tolls the speedy trial clock"). There was some dispute between the parties regarding the date that discovery was completed. The trial court resolved the dispute, as follows:

> "[T]he parties do not agree about when discovery was completed, and the Court has no way to independently verify it. The Court does not receive notice when discovery is provided and there is nothing required to be filed to show that discovery has taken place. In defendant's memorandum, he states that 'the State responded to such demand on January 26, 2015. Thus at best the period of 14 days could be charged against defendant, assuming the delay was necessitated by the demand.' In the State's memorandum, the Assistant Law Director writes, 'Such time was tolled on January 12, 2015, by defendant's demand for discovery. Such discovery was not completed until March 10, 2015.' The Court is not sure why the dates (January 26 vs. March 10) are so different. The only thing in the Court's file that is helpful in determining when discovery was completed is the defendant's response to reciprocal discovery. It was filed on January 28, 2015, presumably after the State had provided discovery to defendant and requested it from the defendant.
>
> * * *
>
> [T]he Court does find that speedy trial time was tolled from January 12, 2015, when the defendant requested discovery, until January 28, 2015, when defendant responded to the State's request for reciprocal

discovery. Even if this 16 day period is credited to the State, the 90 day speedy trial time has still been exceeded. The Court must determine if there were any other reasonable continuances that would extend the speedy trial time."[2]

{¶11} The trial court determined that the time was tolled from January 12, 2015, when Appellant requested discovery, until the defendant responded to the reciprocal discovery request on January 28, 2015. Appellant first argues that no delay was caused by the request for discovery because the trial court's entry stated that "[N]o court proceedings were scheduled before the discovery was completed." Appellant argues the burden was on the State to provide evidence of a period of delay. We are not persuaded that because the trial court did not hear evidence on this issue, that time should not have been tolled as determined by the court. It is generally recognized that "[d]iscovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." *Brown, supra,* at ¶ 23. Furthermore, in *Hucks,* we observed that a request for discovery tolls the speedy-trial time to give the State a reasonable opportunity to respond and that many courts have interpreted a reasonable time to mean 30 days. *Id.* at 24. See *State v. Nichols*, 4th Dist. Adams No. 12CA955, 2013-Ohio-308, ¶ 24. If, as the trial court presumes, the State provided its responses within 16 days, it was well-within a reasonable time period as prescribed by law.

---

[2] It is unclear why the date "January 26th" is referenced. The docket does not reflect any filing by either party or the court on January 26th. Ultimately, the trial court's decision relies on the correct filing date of January 28, 2015.

**{¶12}** The State, in its memo contra Appellant's motion to dismiss, urged

the trial court to find that time was tolled until March 10, 2015. While the trial

court acknowledged the disagreement and a lack of understanding as to the cause,

the trial court's judgment that time should be tolled until January 28, 2015 is

supported by competent credible evidence in the record. The January 28, 2015

response pleading is the only evidence filed within the record, and the trial court

relied on it. As such, we defer to the trial court's factual finding that speedy trial

time was tolled from January 12, 2015 to January 28, 2015 and 16 days are

credited to the State.

    2. The  Trial Court's Sua Sponte Entry Dated March 18, 2015.

**{¶13}** The trial court's decision on Appellant's motion to dismiss next

turned to determination of whether any reasonable continuances extended the

speedy trial time. The trial court found as follows:

> "On March 16, 2015, the Court generated a notice of hearing showing
> that the case was scheduled for pretrial on March 23, 2015, and for
> jury trial on March 24, 2015. Nothing in the file explains why a
> hearing was set on March 23 when a hearing was already scheduled
> for March 20. There was no indication that the March 20 pretrial date
> was being changed. Two days later, on March 18, 2015, the Court, on
> its own motion, continued the March 20, 2015, pretrial to April 20,
> 2015 and the jury trial was continued from March 24, 2015, to April
> 21, 2015, because the Court was closing to honor Judge Thomas
> Bunch, whose funeral was taking place on March 20, 2015. The
> Court found the continuance to be reasonable and extended the speedy
> trial time limits by that entry. The defendant's basic objection is that
> there was no reason to continue the case from March 23, 2015, but the
> Court's file is not clear why the case was rescheduled for March 23,

2015. Nothing other than a notice of hearing indicates that there was a pretrial scheduled for that date, the Court's other documentation indicates that the case was set for pretrial on March 20, 2015, and that March 20, 2015, date was continued until April 20, 2015. The Court finds there was reasonable cause to continue the March 20, 2015, date to April 20, 2015, and that the continuance was reasonable."

{¶14} In *State v. Mincy*, 2 Ohio St.3d 6 441, N.E.2d 541 (1982) syllabus, the Supreme Court held that "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons for it by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Keaton,* 4th Dist. Pickaway No. 95CA15, 1996 WL 271974, (May 16, 1996), *2. Appellant argues that the trial court, in essence, took judicial notice of the record in the case without notice to Appellant, without such matters being introduced as evidence, and without opportunity for Appellant to rebut such record with evidence. Appellant argues that the State requested a continuance on March 13, 2015 and the March 16, 2015 entry may have been generated as a result. We set forth additional relevant dates as follows:

| | |
|---|---|
| March 10, 2015 | Pretrial statement setting pretrial for March 20, 2015, and jury trial for March 24, 2015. |
| March 10, 2015 | Hearing notice reflecting the above dates. |
| March 13, 2015 | State's motion to continue due to unavailability of chemist. |

| March 16, 2015 | Hearing notice reflecting pretrial date of March 23, 2015, and jury trial date of March 24, 2015. |
|---|---|
| March 18, 2015 | Journal Entry (sua sponte) - Court to be closed on March 20, 2015 so that court personnel may attend the funeral of former judge.  Pretrial is continued to April 20, 2015 and jury trial to April 21, 2015. |

{¶15} The March 16, 2015 notice demonstrates Appellant's case was scheduled for a pretrial on March 23, 2015 and for jury trial on March 24, 2015. Appellant asserts that the March 23, 2015 and March 24, 2015 dates were scheduled on days when the Court was available and therefore, the continuance was not reasonable.  Appellant asserts that judicial notice of the record should not have been taken.

{¶16} Evid.R. 201 Judicial Notice provides in pertinent part:

(A) Scope of Rule. This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.

(B) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(C) When Discretionary. A court may take judicial notice, whether requested or not.

* * *

(E) Opportunity to Be Heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

{¶17} Appellant did not object to the trial court's judicial notice of the March 18, 2015 entry continuing the trial date due to the death of the former judge. Thus, he did not properly preserve the argument for appellate review, and we may only reverse the trial court's decision to take judicial notice if it is plain error. See Crim.R. 52(B); *State v. Blaine,* 4th Dist. Highland No. 03CA9, 2004-Ohio-124, ¶ 14; *State v. Ballew*, 76 Ohio St.3d 244, 254, 667 N.E.2d 369 (1996).  Notice of plain error under Crim.R. 52(B) is to be taken with the utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *Blaine, supra,* at ¶ 15; *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).  Plain error should not be invoked unless it can be said that, but for the error, the outcome would have been different. See *State v. Jackson* (2001), 92 Ohio St.3d 436, 438, 751 N.E.2d 946.

{¶18} Appellant's argument regarding judicial notice is without merit.  A trial court may take judicial notice of prior proceedings in the immediate case. *Blaine, supra,* at ¶ 17. *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision*, 7 Ohio App.3d 157, 159, 454 N.E.2d 1330 (4th Dist.1982). (Additional citations omitted.) Furthermore, our colleagues in the First District have held that

speedy trial issues should be decided based on "what actually happened" and that, even when judgment entries are deficient in explanation, appellate courts can look to the record as a whole to determine if continuances tolled the speedy trial time. *State v. Easley,* 4th Dist. Scioto No. 03CA2910, 2005-Ohio-767, ¶ 18, citing *State v. Stamps,* 127 Ohio App.3d 219, 226, 712 N.E.2d 762 (1st Dist.1998).

{**¶19**} It is true nothing in the record indicates why the March 23, 2015 and March 24, 2015 dates would also be unavailable. However, it is clear the court would be closed for good cause on March 20, 2015, and Appellant's final pretrial hearing before trial could not take place on that date. As Appellant suggests, the March 16, 2015 notice containing the March 23, 2015 and March 24, 2015 dates may have been generated due to the State's motion to continue. However, viewing the record as a whole, we find the trial court's *sua sponte* entry caused a reasonable continuance in the matter. The trial court's March 18, 2015 entry fulfilled the requirements of *Mincy, supra.* The entry reflected "what actually happened" as to why the March 20, 2015 date needed to be vacated and the case continued.

{**¶20**} For the foregoing reasons, we find the trial court did not err by overruling Appellant's motion to dismiss. As such, Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

Harsha, J., concurring:

{¶21} Much of the confusion over whether the court's March 18, 2015 entry continuing the case was reasonable for speedy trial purposes results from a notice issued by the clerk of courts on March 16, 2015. That notice indicates that the pretrial would occur on March 23, with the trial the following day March 24, 2015. The clerk's notice for a March 23, 2015 pretrial conflicts with the court's March 10, 2015 journal entry, which indicates the pretrial would occur on March 20, 2015.

{¶22} Sheline contends the March 18, 2015 continuance was not reasonable because it was unnecessary, i.e. under the clerk's notice the pretrial was set for March 23, not March 20 as originally indicated by a memorial journal entry from a prior pretrial. In other words, because there was no conflict with the funeral for Judge Bunch, the continuance to April was unreasonable.

{¶23} Although there is a legal basis for this argument, I believe it overlooks one important rule: a court speaks through a journalized order. *See State v. Carsey*, 4th Dist. Athens No. 14CA5, 2014-Ohio-3682, ¶ 12. An order is an entry signed by a judge; it is not a notice sent by the clerk. Counsel normally may rely upon a notice from an officer of the court like the clerk. But when the clerks notice conflicts with an order of the court, counsel should inquire. In the absence of an

inquiry that resolves the conflict, the order of the court controls over a notice generated by the clerk.

{¶24} Thus, under our facts the trial court correctly concluded the actual date of the pretrial was March 20, 2015. And that conclusion means the continuance granted in the March 18, 2015 order was in fact reasonable.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:   Concurs with Concurring Opinion.
Hoover, J.:   Dissents.

For the Court,

BY:   _____
        Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**