[Cite as *State v. Mayle*, 2018-Ohio-427.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Willam B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JEFFREY MAYLE | : | Case No. 17-CA-25 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Case No. 16CR-304 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT: | February 2, 2018 |

APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
Prosecuting Attorney

By: KIRK L. SHAW
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

SCOTT P. WOOD
Conrad/Wood
120 East Main Street, Suite 200
Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}    Appellant, Jeffrey Mayle, appeals from the decision of the Fairfield County Court of Common Pleas denying his motion to dismiss for failure to comply with speedy trial time limits. The appellee is the State of Ohio.

## Statement of the Case and the Facts

{¶2}    Appellant was cited on March 7, 2016 for a violation of R.C. 4510.14, driving under suspension and R.C. 4511.202, failure to control, arising from a traffic accident that occurred on that date. On March 10, 2016 appellant entered a plea of not guilty and on March 14, 2016 appellant signed a waiver of his speedy trial rights.

{¶3}    On August 5, 2016, appellant was indicted by the Fairfield County Grand Jury for one count of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19, a felony of the third degree due to a prior felony conviction under the same section of the Revised Code. On September 29, 2016 the state filed a nolle prosequi with regard to the driving under suspension and failure to control charges.

{¶4}    Appellant filed a motion to dismiss the felony charge on April 13, 2017, asserting that the state failed to bring appellant to trial within the statutory speedy trial time limit.  The trial court conducted a hearing on the motion on May 24, 2017.  At the hearing, the parties agreed that there were no tolling events prior to the filing of defense motions on February 1, 2017, 330 days after the issuance of the citation on March 7, 2016. (Transcript, p. 11-12) The trial court considered the arguments and overruled the motion in open court on May 24, 2017:

All right. So the Court's going to interpret <u>Adams</u> this way: That the

Defendant's waiver from the time of the signing of the waiver to the time

that Defendant was indicted on the felony OVI, that that obviously worked as a waiver. However, the Court is finding that the time period is tolled. So basically, from the time the Waiver was executed March 14th, 2016 to when the defendant was indicted, which was August 5, 2016, that the waiver also pertain to the new filing, felony filing. But when it was filed, then basically, the waiver stopped. But the court is going to look at that time as being tolled.

So, therefore, speedy trial of the Defendant has not been violated. The Court has given its ruling. (Transcript, p. 14-15)

{¶5} The trial court journalized its ruling without further comment in its May 30, 2017 entry. Appellant changed his plea to no contest and the trial court imposed a sentence of twenty four months, but stayed the imposition of the sentence pending appeal. Appellant filed a timely appeal and asserts one assignment of error:

{¶6} I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BASED ON A VIOLATION OF APPELLANT'S STATUTORY RIGHT TO A SPEEDY TRIAL.

{¶7} Appellant describes the dispositive issue as whether "the time that elapsed after Appellant waived his right to a speedy trial in the DUS case is chargeable against the State." (Appellant's Brief, p. 3) Appellee contends the proper characterization is "whether the otherwise valid waiver of speedy trial executed by Appellant should have been retroactively voided once the State indicted Appellant on subsequent charges stemming from the same facts." (Appellee's Brief, p. 2) Both parties focus on the interpretation and application of the holding of the Supreme Court of Ohio in *State v. Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025 (1989). We hold that the proper resolution

of this case requires a determination of when the speedy trial time for the felony charge began to run against the state, and whether the waiver signed by the defendant tolled the time for that charge.

{¶8}   Initially, we note that a speedy trial claim involves a mixed question of law and fact. See *State v. Kuhn* 4th Dist. No. 97CA2307, 1998 WL 321535 (Jun. 10, 1998); *State v. Kimble*, Vinton App. No. 96CA507, 1997 WL 691469 (Nov. 7, 1997); *State v. Boso,* Washington App. No. 95CA10, 1996 WL 530007 (Sept. 11, 1996); *State v. Howard*, Scioto App. No. 93CA2136, 1994 WL 67688 (Mar. 4, 1994). See, also, *U.S. v. Smith*, 94 F.3d 204, 208 (6th Cir.1996); *U.S. v. Clark*, 83 F.3d 1350, 1352 (11th Cir.1996). As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Kimble; Boso; Howard*.

{¶9}   When reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. In *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996), the court referred to its prior admonition "to strictly construe speedy trial statutes against the state." See, also, *State v. Miller*, 113 Ohio App.3d 606, 608, 681 N.E.2d 970 (11th Dist.1996). In *State v. Cloud*, 122 Ohio App.3d 626, 629-630, 702 N.E.2d 500 (2nd Dist.1997), the court additionally specified that "the duties which those statutes impose upon the state must be strictly enforced by the courts."

{¶10}  The relevant facts are undisputed. Appellant signed a waiver of his speedy trial rights after being charged with one count of driving under suspension and one count of failure to control, but before he was indicted for the felony OVI charge. All charges

arose from the same March 7, 2016 incident. The state admits that it had intended from the date of the traffic citation to file the felony OVI charge, so it did have knowledge of the relevant facts supporting the felony charge at the time the initial charges were filed. The appellant filed a motion to continue a pre-trial from October 3, 2016 to October 24, 2016, so the speedy time was tolled for a period of 21 days. No other tolling periods are relevant to the issues before this court.

{¶11} "[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." *State v. Adams*, supra at p. 68, citations omitted. "An additional charge creates an additional burden on the defendant's liberty interests. Therefore, the speedy-trial requirements applicable to the additional charge must commence with the defendant's arrest, and the waivers *** chargeable to the defendant with respect to the original charge cannot apply to the additional charge. *State v. Campbell*, 150 Ohio App.3d 90, 2002-Ohio-6064, 779 N.E.2d 811, ¶ 24, (1st Dist.) aff'd, 100 Ohio St.3d 361, 2003-Ohio-6804, 800 N.E.2d 356. Appellant did not waive his rights to a speedy trial on charges he was unaware of prior to indictment. *City of Rocky River v. Glodick*, 8th Dist. Cuyahoga No. 89302, 2007-Ohio-5705, ¶ 17

{¶12} *Adams* and its progeny lead inexorably to the conclusion that appellant did not waive his right to a speedy trial on the new charge and that he was not brought to trial within the relevant time limit. Because the new charge clearly arises from the same facts as the initial charges and the state has admitted knowledge of all the facts supporting that new charge, the speedy trial time for the felony OVI charge commenced on the same

date as the speedy trial time for the driving under suspension and failure to control charges-- March 7, 2016. The waiver signed by appellant did not apply to the new charges because it was executed prior to the indictment and appellant was unaware of the charges when he signed the waiver The speedy trial time for the new charge, 270 days,(R.C. 2945.71(C)(2)) began to run a March 7, 2016 and expired on December 23, 2016. Consequently, appellant was not brought to trial within the speedy trial time limits applicable to the new charge.

{¶13} Appellee proposes that the holding of *Adams* does not require a retroactive voiding of a prior valid waiver of speedy trial rights. While appellee is correct, that observation is not pertinent. The waiver is not voided and does remain in effect with regard to the charges that were first filed, but the waiver has no effect on any new charges because "this waiver is not applicable to additional charges arising from the same set of facts that are brought subsequent to the waiver." *State v. Rausenberg*, 5th Dist. Delaware No. 16CAA020007, 2017-Ohio-1078, ¶ 31, appeal not allowed, 2017-Ohio-9111, citing *Adams, supra.*

{¶14} Appellee also proposes that the appellant's criminal history and the citation served on appellant provided notice of an impending charge of felony OVI and that notice provides an exception to the rule set down in *Adam.* This theory does not withstand the precedent cited in *Adams* which held that "'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and *** we 'do not presume acquiescence in the loss of fundamental rights.' *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461", as cited in *State v. Adams, supra* at 69. A valid waiver requires that "defendant understand the nature of the charges against him,

as well as know exactly what is being waived and the extent of the waiver" *Id*. The appellant in the case at bar could not know the nature of the charges against him, exactly what is being waived and the extent of the waiver with regard to charges that might be filed in the future. Appellant's knowledge of potential future charges is irrelevant because, "even where the accused knows of the possibility of additional charges being brought against him, a waiver of speedy trial rights cannot apply to charges brought subsequent to the waiver." *State v. Reeves*, 2nd Dist. Greene No. 2015-CA-12, 2016-Ohio-5540, ¶ 20. Further, until formal charges were filed, appellant had no statutory right of discharge that he could waive with respect to them. Therefore, appellant's waiver applied only to the charges then pending in the proceeding in which the waiver was filed. *State v. Jackson*, 2nd Dist. Montgomery No. 17056, 1998 WL 639272, *2 (Sept. 18, 1998).

**{¶15}** For those reasons we must reject appellees invitation to rely on informal notice of charges that might be filed at a future time as supporting a comprehensive waiver of speedy trial rights.

**{¶16}** We hold that the time within which appellant was to be brought to trial pursuant to his speedy trial right began running on March 7, 2016 and that appellant did not waive his speedy trial right with regard to the felony charge. We further hold that the state was obligated to bring appellant within 270 days but that the time was tolled for 21 days due to a continuance filed by appellant. The deadline for trial was December 23, 2016 and, therefore, we hold that the state has violated appellant's speedy trial right. The decision of the Fairfield County Common Pleas Court is hereby reversed and the charge against appellant for violation of R. C. 4511.19 (A)(1) (h), 4511.19(G)(1)(d) arising from the March 7, 2016 incident is dismissed.

Costs assessed to appellee.

By: Baldwin, J.

John Wise, P.J. and

Hoffman, J. concur.