McFarland, J.
{¶ 1} Gilbert Phillips appeals the judgment entry of conviction entered October 20, 2017 in the Athens Municipal Court. Appellant challenges his conviction of disorderly conduct, R.C. 2917.11, on two bases: (1) that the State failed to bring him to trial within the limitations for statutory speedy trial; and (2) that his conviction was not supported by the weight of the evidence. Having reviewed the record, we find Appellant's first assignment of error is with merit. Thus, his second assignment of error has been rendered moot. Accordingly, we reverse the judgment of the trial court and vacate Appellant's conviction.
FACTS
{¶ 2} On July 20, 2017, Appellant was charged with obstructing official business, a misdemeanor. The charge stemmed from a disagreement between Appellant and a representative of Columbia Gas who attempted to perform work at a job site on Big Baily Road in Athens County. The parties have provided differing versions of the events which transpired on that date.
{¶ 3} According to the State, Columbia Gas employees were planning to perform work at property owned by Ed Rence. Mr. Rence apparently shared a driveway with Appellant. Columbia Gas employee Ron Smith later testified at Appellant's bench trial that the Columbia Gas crew brought *353 five vehicles and proceeded onto the shared driveway. Suddenly, Appellant drove his car at a high rate of speed toward the Columbia Gas vehicles. Appellant jumped out of his car, screaming obscenities, beating on his bare chest and kicking off his sandals. In a threatening manner, Appellant ordered the crew to leave and Rob Smith felt physically threatened. Mr. Smith called 911 and asked for assistance regarding "an irate landowner." After two Athens county deputies responded to the scene, Deputy John Morris made contact with Appellant who continued to "rant and rave." Appellant was ultimately cited for obstructing official business.
{¶ 4} According to Appellant, however, the Columbia Gas convoy of vehicles suddenly drove onto his private property without notifying him. The Columbia Gas vehicles not only blocked the driveway but also ended up on Appellant's private lawn. Appellant immediately drove down the driveway, confronted the crew, and ordered them off his property. Appellant claims he reached an agreement with the crew, who left in five to ten minutes. However, an Athens County Sheriff's deputy arrived approximately ten minutes after the crew left and Appellant was arrested on a charge of obstruction.
{¶ 5} Appellant spent one night in jail due to the obstruction charge. He entered a plea of not guilty at arraignment. The obstruction charge was eventually dismissed on September 26, 2017.
{¶ 6} On September 27, 2017, Deputy Morris cited Appellant for a violation of disorderly conduct, R.C. 2917.11(A)(1). On September 27, 2017, counsel for Appellant filed a written denial of the charge, along with a motion to dismiss. On October 5, 2017, the State filed a response to the motion to dismiss. On October 12, 2017, the matter came on for a bench trial.
{¶ 7} Prior to receiving testimony, the trial court heard the arguments of the parties with regard to the motion to dismiss. After doing so, the trial court ruled from the bench that "at this point in time, I'm going to rely on the fact that this was filed within the statute of limitations."[1] On October 20, 2017, the court filed a judgment entry finding Appellant guilty. Appellant was fined in the amount of $50.00 and court costs.
{¶ 8} Appellant timely appealed. He also filed a motion for suspension of execution of sentence pending appeal.[2]
ASSIGNMENTS OF ERROR
"I. APPELLANT'S RIGHT TO A SPEEDY TRIAL HAD BEEN VIOLATED WHEN HE WAS NOT BROUGHT TO TRIAL WITHIN 30 DAYS AFTER HIS ARREST ON A MINOR MISDEMEANOR."
STANDARD OF REVIEW
{¶ 9} Appellate review of a trial court's decision on a motion to dismiss for a speedy trial violation involves a mixed question of law and fact. State v. Sheline, 4th Dist. Ross No. 15CA3511, 2016-Ohio-4794, 2016 WL 3574574, ¶ 6 ; State v. Brown, 2016-Ohio-1453, 63 N.E.3d 509 (4th Dist.), at ¶ 5. State v. James, 4th Dist. Ross No. 13CA3393, 2014-Ohio-1702, 2014 WL 1949588, at ¶ 23 ; State v. Smith, 4th Dist. Ross No. 10CA3148, 2011-Ohio-602, 2011 WL 486906, at ¶ 18. Generally, an appellate court will defer to a trial court's factual findings if competent and credible *354 evidence supports those findings. However, an appellate court will review de novo a trial court's application of the law to those facts. State v. Carr, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, 2013 WL 6388440, at ¶ 12 ; State v. Fisher , 4th Dist. Ross No. 11CA3292, 2012-Ohio-6144, 2012 WL 6712087, at ¶ 8. We are reminded that when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the State. Id.; State v. Skinner, 4th Dist. Ross No. 06CA2931, 2007-Ohio-6320, 2007 WL 4200591, ¶ 9 ; Brecksville v. Cook, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996) ; State v. Miller, 113 Ohio App.3d 606, 608, 681 N.E.2d 970 (11th Dist. 1996) ; State v. Cloud, 122 Ohio App.3d 626, 702 N.E.2d 500 (2nd Dist. 1997).
LEGAL ANALYSIS
{¶ 10} Appellant's motion to dismiss came on for hearing just prior to the beginning of his bench trial. The trial court did not journalize an entry denying Appellant's motion to dismiss. It is axiomatic that a court speaks through its journal. State v. Sydenstricker , 4th Dist. Ross No. 96CA15, 1996 WL 730501 (Dec. 11, 1996), at *2 ; State ex rel. Worcester v. Donnellon , 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990). A court does not speak by oral pronouncement. In re Adoption of Gibson, 23 Ohio St.3d 170, 173, 492 N.E.2d 146 (1986), fn. 3 ; Schenley v. Kauth , 160 Ohio St. 109, 113, 113 N.E.2d 625 (1953), paragraph one of the syllabus. However, there is a presumption that a motion is denied when the record is silent. See Newman v. Al Castrucci Ford Sales, Inc. , 54 Ohio App.3d 166, 169, 561 N.E.2d 1001 (1988). Here, the trial court's pronouncement that "[A]t this point in time, I'm going to rely on the fact that this was filed within the statute of limitations," and proceeding with the bench trial are actions consistent with the motion being denied. Accordingly, we find that the trial court denied Appellant's motion to dismiss.
{¶ 11} Appellant contends the trial court erred in denying his motion to dismiss for a statutory speedy-trial violation. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial, and this guarantee is implemented in R.C. 2945.71, which provides specific statutory time limits within which a person must be brought to trial. See Sheline, supra, at 7, ; State v. Hucks, 4th Dist. Ross No. 15CA3488, 2016-Ohio-323, 2016 WL 527506, ¶ 19 ; State v. Taylor , 4th Dist. Adams No. 14CA993, 2015-Ohio-2919, 2015 WL 4448026, ¶ 10, citing State v. Blackburn, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 10.
{¶ 12} Appellant argues his statutory speedy trial right has been violated because the State's current charge of disorderly conduct is based upon the same conduct as the prior charge of obstructing official business. Appellant contends the State was aware of his alleged conduct on the date that he was arrested. Appellant emphasizes that after discovery was obtained and it was evident that the obstruction charge could not be proved, the State wrongly substituted the minor misdemeanor disorderly conduct charge, which should have been taken to trial by August 20, 2017.
{¶ 13} The State responds by pointing out that the obstructing official business complaint was clearly filed because of Appellant's belligerent conduct towards Deputy Morris and not because of the conduct that led to the call in the first place. The State maintains that the State filed on a different set of facts involving a different party altogether. The State concedes that Deputy Morris knew of Appellant's actions *355 with Mr. Smith at the time of the arrest and cited him only with obstruction. However, the State submits that it did not substitute one charge for another due to lack of evidence but because of different evidence. The State concludes that should the court find that the charges were based upon the same facts, a review of the record demonstrates that speedy trial was waived and/or tolled from the outset of the case.
{¶ 14} R.C. 2945.71, time for trial, provides:
"(A) Subject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons.
* * *
(D) A person against whom one or more charges of different degrees, whether felonies, misdemeanors, or combinations of felonies and misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged, as determined under divisions (A), (B), and (C) of this section."
{¶ 15} This court has recognized that "[W]hen new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." State v. Thomas, 4th Dist. Adams No. 06CA825, 2007-Ohio-5340, 2007 WL 2874962, at ¶ 12, quoting State v. Adams, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989), quoting State v. Clay, 9 Ohio App.3d 216, 218, 9 OBR 366, 459 N.E.2d 609 (1983). The Ohio Supreme Court addressed this issue again in State v. Baker, 78 Ohio St.3d 108, 676 N.E.2d 883 (1997). "In prior cases, we have dealt with the problem of multiple indictments in relation to Ohio's speedy-trial statute. Specifically, we have held that subsequent charges made against an accused would be subject to the same speedy-trial constraints as the original charges, if additional charges arose from the same facts as the first indictment." Id. at 110, 676 N.E.2d 883.
{¶ 16} Further, in State v. Parker, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, at ¶ 19, the Supreme Court of Ohio noted:
"Additionally, in State v. Baker [citation omitted] we acknowledged an exception to the speedy-trial timetable for subsequent indictments: 'When additional criminal charges arise from facts distinct from those supporting an original charge, or the state was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq. ' Baker involved subsequent indictments, all of which were the result of the same investigation, but the charges were the direct result of different events on different dates. We held that 'in issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when * * * the state did not know of these facts at the time of the initial indictment.' Id. at 110, 676 N.E.2d 883." See Thomas, supra, at ¶ 14.
{¶ 17} In City of Rocky River v. Glodick, 8th Dist. Cuyahoga No. 89302, 2007-Ohio-5705, 2007 WL 3105250, the Eighth District considered the issue of the appropriate timetable for subsequently filed misdemeanor charges. On May 22, 2006, the City of Rocky River commenced prosecution *356 of Glodick on an OVI charge, a first degree misdemeanor. On May 25, 2006, Glodick filed a speedy trial waiver with the court. On August 16, 2006, the City dismissed the OVI charge without prejudice, although the parties agreed that other minor misdemeanor charge might be filed.
{¶ 18} On August 18, 2006, the City filed six minor misdemeanor traffic charges against Glodick. No separate speedy trial waiver was filed by Glodick when the new charges were brought against her. On October 10, 2006, Glodick filed a motion to dismiss on the basis of a speedy trial violation, which the trial court granted. The City appealed the dismissal.
{¶ 19} On appeal, citing the language of R.C. 2945.71(D), the City first argued it had 90 days from May 22, 2006 to bring Glodick to trial. The City proposed that Glodick's original OVI charge had a 90-day time period in which to try it, and it also had 90 days in which to bring the minor misdemeanor charges. The appellate court disagreed and held that the clock started running on any and all charges related to Glodick's arrest on May 22, 2006, and thus, the 30-day time limit for the minor misdemeanors began to run on May 22, 2006. The Glodick court observed at ¶ 13 :
"At the time the City filed minor misdemeanor charges against appellee, no other charges were pending against appellee. The City dismissed the first degree misdemeanor charges against appellee on August 16, 2006, and filed minor misdemeanor charges against appellee on August 18, 2006. The two day lapse is significant to our decision in this case." (Emphasis added.)
{¶ 20} The Glodick court also explained at ¶ 14 :
"Regardless of the fact that the later charges stemmed from the same act or transaction as those earlier charges, the two sets of charges were not pending simultaneously. The language of R.C. 2945.71(D) states that when determining the time period to trial for one or more offenses that arose from the same transaction, these charges must be pending simultaneously in order to trigger the application of division (D)."
{¶ 21} Thus, the trial court's decision in Glodick was affirmed.
{¶ 22} In Thomas , at ¶ 17, this court emphasized that "The holding in Baker is disjunctive, i.e. the state need only establish one of the two scenarios, either different facts or lack of knowledge." State v. Smith, 11th Dist. No. 2004-A-0089, 2006-Ohio-5187, 2006 WL 2797617, at ¶ 29. Here, we find the facts of Appellant's conduct, in support of both charges, not to be significantly different. Nor do we find the State lacked knowledge about the facts which occurred on July 20, 2017.
{¶ 23} At Appellant's bench trial, Ron Smith, a representative of Columbia Gas, testified he called 911 for a police escort because he felt physically threatened. Deputy Morris testified he was called to Appellant's property and when he arrived and attempted to discuss the situation with Appellant, Appellant continued to "rant and rave" and threaten. Appellant testified that it took the Columbia Gas employees approximately 5 minutes to leave and that he planned to call 911 himself to report the intrusion, but sheriff's deputies soon arrived. According to the testimony, Appellant's threatening conduct remained the same when he interacted with both Ron Smith and Deputy Morris. The interactions occurred on the same date within a short span of time.
{¶ 24} Based on this testimony, we find both criminal charges filed against Appellant resulted from the same conduct and/or transaction. The time limit for filing all *357 charges stemming from Appellant's acts began on July 20, 2017. The State has not demonstrated different facts or a lack of knowledge. And, our conclusion is further bolstered by the prosecutor's argument at the hearing prior to the bench trial. The prosecutor stated:
"Uh, it's true that they knew about it on that date and that's why we have the statute of limitations. Um, it was filed well within the statute of limitations, I mean, I don't know how many, how many times in criminal law a, a charge was filed then additional charges were filed, filed later out of the same incident. Out of the course of conduct. I don't think that's any different here. The only difference is that I dismissed that charge before having this one filed. I very, very well could have had this charge filed in, on top of the obstruction of official business charge."
{¶ 25} As in Glodick , a lapse of time between the dismissal of the obstruction charge and the filing of the disorderly conduct charge occurred. The City of Athens filed the minor misdemeanor charge against Appellant when no other charge was pending, in this case creating a one-day lapse of time. The City had dismissed the obstruction charge one day before. As in Glodick, this lapse is crucial. The language of R.C. 2945.71(D) provides for additional charges arising out of the same conduct or transaction to be brought with pending charges.
{¶ 26} The State, however, argues that even if we find that the disorderly conduct charge was based upon the same facts and transaction, and that the speedy trial clock should have started on July 20, 2017, a review of the record demonstrates that the speedy trial right was waived and/or tolled from the outset of the case. The State cites R.C. 2945. 72 "Extension of time for hearing or trial" is applicable. The State points out Appellant's demand for jury trial and various continuances made on Appellant's own motion. The State also points out that the same day the obstruction charge was filed, Appellant filed his motion to dismiss, another tolling event. Similar arguments were made in both Glodick and a more recent decision in State v. Mayle , 5th Dist. Fairfield No. 17-A-25, 2018-Ohio-427, 2018 WL 679449.
{¶ 27} Mayle was cited on March 16, 2016 for a violation of driving under suspension and failure to control as a result of a traffic crash. On March 10, 2016, Mayle entered a plea of not guilty, and on March 14, 2016, he signed a waiver of his speedy trial rights. On August 5, 2016, Mayle was indicted by the Fairfield County Grand Jury for one count of OVI, a felony of the third degree due to a prior conviction. On September 29, 2016, the State filed a noll prosequi with regard to the driving under suspension and failure to control charges.
{¶ 28} Mayle filed a motion to dismiss the felony charge on April 13, 2017, due to failure to bring him to trial within the statutory speedy trial time limit. After considering the arguments, the trial court found that Mayle's speedy trial right had not been violated. On appeal, the court determined when the speedy trial time for the felony charge began to run and whether a waiver signed by Mayle tolled the time for that charge. Citing the Supreme Court of Ohio's language in Adams regarding "new and additional charges arising from the same facts as the original charge," the Mayle court found at ¶ 10 :
"The relevant facts are undisputed. Appellant signed a waiver of his Speedy trial rights after being charged with one count of driving under suspension and one count of failure to control, but before he was indicted for the felony charge. All charges arose from the same March 7, 2016 incident."
*358 {¶ 29} However, the Mayle court further found at ¶ 11 :
"Appellant did not waive his rights to a speedy trial on charges he was unaware of prior to indictment. City of Rocky River v. Glodick, supra, at 17. * * * Because the new charge clearly arises from the same facts as the initial charges and the state has admitted knowledge of all the facts supporting the new charge, the speedy trial time for the felony OVI charge commenced on the same date as the speedy trial time for the driving under suspension and failure to control charges-March 7, 2016. The waiver signed by appellant did not apply to the new charges because it was executed prior to the indictment and the appellant was unaware of the charges when he signed the waiver."
{¶ 30} The Mayle court continued at ¶ 14 :
" '[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights * * *. A valid waiver requires that 'defendant understand the nature of the charges against him as well as know exactly what is being waived and the extent of the waiver."
{¶ 31} Based on the foregoing, we find that here, Appellant did not waive his speedy trial right as to the subsequently filed disorderly conduct charge. Appellant was charged with obstruction on July 20, 2017. The State's brief cites to Appellant's waiver of speedy trial contained within the jury demand. However, this contention is not supported by the record before us.[3] His waiver of speedy trial executed July 24, 2017 in another case, although clearly arising from the same conduct occurring on July 20, 2017, does not constitute a valid waiver. Appellant cannot be said to have waived his right to a speedy trial on the disorderly conduct charge he was not made aware of until September 27, 2017.
{¶ 32} For the foregoing reasons, we find Appellant's first assignment of error has merit. Appellant's right to a speedy trial on a minor misdemeanor charge of disorderly conduct was violated. Accordingly, the first assignment of error is sustained.
"II. THE TRIAL COURT ERRED WHEN IT FOUND THAT MR. PHILLIPS ENGAGED IN ACTIVITY PROHIBITED PURSUANT TO 2917.11(A)(1) OF THE OHIO REVISED CODE."
{¶ 33} Having found that Appellant's speedy trial right was violated, we need not consider his second assignment of error as it has been rendered moot. Accordingly, the judgment of the trial court is reversed.
JUDGMENT REVERSED.
Hoover, P.J. & Abele, J.: Concur in Judgment Only.

R.C. 2901.13(A)(1)(c) provides that for prosecution of minor misdemeanors, prosecution must be commenced within six months after an offense is committed.

The record does not reflect a ruling journalized on this motion.

The waiver the State references may have been contained in the obstruction case, Athens Municipal Court case number 2017CRB001710, which was dismissed. Even taking judicial notice of that case record from the Athens Municipal Court website, as is within our discretion to do, the court's website contains only an entry on July 24, 2017 "Notice of Appearance, Demand for Discovery, and Demand for Jury Trial." See In re Helfrich, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, 2014 WL 1875509, ¶ 35, (both trial court and appellate court can take judicial notice of filings readily accessible from a court's website.) In Appellant's obstruction case, the July 24, 2017 entry contains nothing further about a waiver of speedy trial, although a speedy trial waiver may very well be present.